J-S06030-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ANDREW WITMAN | |
| Appellant | No. 1450 MDA 2015 |

Appeal from the PCRA Order August 12, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0005536-2011

BEFORE:  PANELLA, J., MUNDY, J., and STEVENS, P.J.E.*

MEMORANDUM BY MUNDY, J.:                    **FILED FEBRUARY 11, 2016**

Appellant, Andrew Witman, appeals *pro se* from the August 12, 2015 order dismissing, as untimely, his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful consideration, we affirm.

The procedural history of this case developed as follows.  On May 16, 2012, Appellant, in accordance with a negotiated plea agreement, entered a plea of guilty to one count each of involuntary deviate sexual intercourse, statutory sexual assault, aggravated indecent assault, unlawful contact with a minor, corruption of minors, and intimidation of a witness.[1]  Appellant was sentenced that same day in accordance with the plea agreement to an

---

[1]  18 Pa.C.S.A. §§ 3123(a)(7), 3122.1(a)(1), 3125(a)(8), 6318(a)(1), 6301(a)(1)(i), and 4952(a)(3), respectively.

*Former Justice specially assigned to the Superior Court.

aggregate term of incarceration of 8 to 20 years followed by 5 years of probation. Appellant did not file a post sentence motion or notice of appeal.

Appellant filed the instant *pro se* PCRA petition, his first, on May 29, 2015. Therein, Appellant claimed he was entitled to relief from an illegal sentence in light of the recent Supreme Court case of ***Alleyne v. United States***, 133 S. Ct. 2151 (2013). On June 4, 2015, the PCRA court appointed counsel to represent Appellant. On June 10, 2015, counsel filed a motion to withdraw together with a ***Turner***/***Finley***[2] letter. On July 17, 2015, the PCRA court issued, pursuant to Pennsylvania Rule of Criminal Procedure 907, a notice of its intent to dismiss Appellant's *pro se* PCRA petition without a hearing due to its untimeliness, and Appellant's failure to plead or prove an applicable exception to the PCRA's timeliness requirements. By contemporaneous order, the PCRA court granted counsel's motion to withdraw. Appellant did not submit any response to counsel's ***Turner***/***Finley*** letter or to the PCRA court's notice of intent to dismiss. The PCRA court issued an order dismissing Appellant's *pro se* PCRA petition on August 12, 2015. Appellant filed a timely notice of appeal on August 24 2015.[3]

---

[2] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[3] The PCRA court did not require Appellant to prepare a concise statement of errors complained of on appeal under Pennsylvania Rule of Appellate Procedure 1925(b). The PCRA court filed a Rule 1925(a) memorandum
*(Footnote Continued Next Page)*

On appeal, Appellant raises the following issue for our review.

> Did the trial court err in not correcting an illegal sentence?

Appellant's Brief at 1.

The following precepts guide our review of a PCRA court's dismissal of a PCRA petition. "Our standard of review of [an] order granting or denying relief under the PCRA requires us to determine whether the decision of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Melendez-Negron*, 123 A.3d 1087, 1090 (Pa. Super. 2015) (citation omitted). The timeliness of Appellant's petition is our threshold issue "because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition." *Commonwealth v. Cristina*, 114 A.3d 419, 421 (Pa. Super. 2015) (citations omitted). "Under the PCRA, any petition for post-conviction relief… must be filed within one year of the date the judgment of sentence becomes final, unless one of the exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies."[4] *Id.*

_____
*(Footnote Continued)*

noting the reasons for its ruling were fully set forth in its July 17, 2015 notice of intent to dismiss.

[4] The statute sets forth those exceptions as follows.

### § 9545. Jurisdiction and proceedings

*(Footnote Continued Next Page)*

- 3 -

"The period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended only if the PCRA permits it to be extended." ***Commonwealth v. Miller***, 102

_____
*(Footnote Continued)*

…

> (b) Time for filing petition.—
>
>> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>>
>>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>>
>>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>>>
>>> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

…

42 Pa.C.S.A. § 9545(b)(1).

A.3d 988, 992-993 (Pa. Super. 2014) (internal quotation marks and citation omitted).

In this case, Appellant's judgment of sentence became final on June 15, 2012, when the 30 days to file a timely notice of appeal from his judgment of sentence expired. **See** 42 Pa.C.S.A. § 9545(b)(3). Accordingly, Appellant had until June 15, 2013, to file a timely PCRA petition unless he could plead and prove the application of one of the listed exceptions. **See id.** § 9545(b)(1). Therefore, Appellant's May 29, 2015 *pro se* PCRA petition is facially untimely, and it became incumbent upon him to plead and prove the applicability of one or more of the enumerated exceptions in order to invoke the jurisdiction of the PCRA court. **See Cristina**, **supra**.

Instantly, Appellant does not specifically argue the applicability of an enumerated exception under the PCRA. Rather, he claims his sentence runs afoul of the United States Supreme Court's June 17, 2013 decision in **Alleyne v. United States**, 133 S. Ct. 2151 (2013), and as such is jurisdictionally unsound. Appellant's Brief at 6. Appellant "therefore asserts, because graduated penalties is [sic] considered, by law to be 'elements' illegal sentence imposed by this court is forever challengable [sic] and cannot become valid through lapse of time." **Id.** However, this Court has rejected such arguments, which attempt to circumvent the timeliness requirements of the PCRA.

> [A] court may entertain a challenge to the legality of the sentence so long as the court has jurisdiction to hear the claim. In the PCRA context, jurisdiction is tied to the filing of a timely PCRA petition. Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto. Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. Thus, a collateral claim regarding the legality of a sentence can be lost for failure to raise it in a timely manner under the PCRA.

*Commonwealth v. Infante*, 63 A.3d 358, 365 (Pa. Super. 2013) (internal quotation marks and citations omitted).

Furthermore, to the extent Appellant's claim could be construed as invoking a new constitutional right, this Court has held that *Alleyne* does not satisfy the Section 9545(b)(1)(iii) exception to the PCRA's one-year filing deadline. Specifically, we have recently held that while "*Alleyne* applies retroactively on direct appeal, we have declined to construe that decision as applying retroactively to cases during PCRA review." *Commonwealth v. Riggle*, 119 A.3d 1058, 1064-1065 (Pa. Super. 2015). Our Supreme Court has clearly held "that the language 'has been held' in 42 Pa.C.S. § 9545(b)(1)(iii) means that a retroactivity determination must exist at the time that the petition is filed." *Commonwealth v. Abdul-Salaam*, 812 A.2d 497, 502, (Pa. 2002). No such decision holding *Alleyne* to apply retroactively for post-conviction collateral relief has been made. *See Miller*, *supra* at 995 (noting it was fatal to Miller's claimed Section 9545(b)(1)(iii) exception that neither the United States nor the Pennsylvania Supreme

Courts have held that **Alleyne** applies retroactively to cases where the judgment of sentence is final). Additionally, this Court, after applying the test for retroactive application during collateral review as enunciated in **Teague v. Lane**, 489 U.S. 288 (1989) (plurality), to **Alleyne**, has opined, "the fundamental fairness of the trial or sentencing is not seriously undermined, and **Alleyne** is not entitled to retroactive effect in [a] PCRA setting." **Riggle**, **supra** at 1067.

In light of the preceding, we conclude Appellant has failed to plead and prove the applicability of an exception to the timeliness requirements of the PCRA, therefore, we agree with the PCRA court that his petition is untimely, and that the PCRA court and this Court are without jurisdiction to address Appellant's legality of sentence claim. **See Cristina**, **supra**; **Infante**, **supra**. Accordingly, we affirm the PCRA court's August 12, 2015 order dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/11/2016