J-S38037-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANGEL COLON | |
| Appellant | No. 3247 EDA 2015 |

Appeal from the PCRA Order September 23, 2015
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0002033-2004
CP-15-CR-0004401-2004

BEFORE:  FORD ELLIOTT, P.J.E., OLSON, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED JULY 06, 2016**

Appellant Angel Colon appeals from the order entered in the Chester County Court of Common Pleas dismissing as untimely his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court summarized the factual and procedural history as follows:

> On September 12, 2005, Appellant pled guilty to one count of possession with intent to deliver a controlled substance, two counts of delivery of a controlled substance and one count of corrupt organizations.[1]  On April 7, 2006, he was

---

[1] Appellant was charged with eleven counts of delivery of a controlled substance, 35 P.S. § 780-113(a)(30), on criminal information number CP-15-CR-0004401-2004.  On criminal information number CP-15-CR-0002033-2004, Appellant was charged with corrupt organizations, 18 Pa.C.S. §

*(Footnote Continued Next Page)*

sentenced to serve a term of imprisonment of twenty to fifty years. The Pennsylvania Superior Court affirmed his judgment of sentence on May 14, 2007, and on November 6, 2008, the Pennsylvania Supreme Court denied his petition for allowance of appeal.

On August 3, 2009, Appellant filed a timely petition under the [PCRA]. After finding that he was not entitled to post-conviction relief, [the PCRA court] dismissed his petition on December 17, 2009. The Superior Court affirmed on September 10, 2010.

On April 16, 2013, Appellant filed a second PCRA petition. [The PCRA court] dismissed that petition as untimely on June 25, 2014. Appellant appealed. While his appeal of that order was pending in the Superior Court, he filed in [the PCRA court] a *pro se* petition for writ of *habeas corpus*, which [the PCRA court] treated as a third PCRA petition, and dismissed on October 27, 2014. The Superior Court, agreeing that his second petition was untimely, affirmed the dismissal of the petition on March 4, 2015.

On August 12, 2015, Appellant filed the instant petition. [The PCRA court] reviewed the petition, found that it was untimely, and on August 27, 2015, provided to him the mandatory twenty-day notice of our intent to dismiss his petition. Although Appellant responded to this notice, his response established entitlement to no exception to the PCRA's timeliness requirements, and [the PCRA court] dismiss[ed] his petition on September 23, 2015.

Pa.R.A.P. 1925(a) Opinion, 12/3/2015, at 1-2.

On October 26, 2015, Appellant filed a timely notice of appeal.[2]

Appellant included a statement of questions raised on appeal with his notice

(Footnote Continued)  ───────────

911(b), and dealing in proceeds of unlawful activities, 18 Pa.C.S. § 5111(a)(1).

[2] Although the order dismissing Appellant's PCRA petition was dated September 23, 2015, notice was not sent until September 24, 2015. Thirty days from September 24, 2015 was Saturday, October 24, 2015. ***See***
(Footnote Continued Next Page)

of appeal. The PCRA court issued an opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a) on December 3, 2015.

Appellant raises the following issues on appeal:

> 1. Did the [c]ourt [e]rr in dismissing [Appellant's PCRA p]etition, challenging the legality of 18 Pa.C.S.[] § 7508?
>
> 2. Did the [c]ourt err in dismissing [Appellant's PCRA p]etition without a hearing, when petition had illegal sentence concerns?

Appellant's Brief at 4.

Our standard of review from the denial of post-conviction relief "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." ***Commonwealth v. Ousley***, 21 A.3d 1238, 1242 (Pa.Super.2011) (citing ***Commonwealth v. Morales***, 701 A.2d 516, 520 (Pa.1997)).

Before we address the merits of Appellant's PCRA petition, we must first determine whether the petition is timely. The PCRA provides that a petition, "including a second or subsequent petition, shall be filed within one

*(Footnote Continued)* ———————————————

Pa.R.A.P. 903(a) ("notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken"); Pa.R.A.P. 108(a)(1) ("the day of entry shall be the day the clerk of the court or the office of the government unit mails or delivers copies of the order to the parties"). Therefore, Appellant had until Monday, October 26, 2015 to file a timely notice of appeal. 1 Pa.C.S. § 1908 (When last day of time period "fall[s] on Saturday or Sunday, . . . such day shall be omitted from the computation"); Pa.R.A.P. 107 ("Chapter 19 of Title 1 of the Pennsylvania Consolidated Statutes (rules of construction) so far as not inconsistent with any express provision of these rules, shall be applicable to the interpretation of these rules . . . .").

year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1); *accord Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa.Super.2010). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Three exceptions to the PCRA's time-bar exist. The exceptions allow for limited circumstances under which a court may excuse the late filing of a PCRA petition. *Monaco*, 996 A.2d at 1079; 42 Pa.C.S. § 9545(b)(1). The late filing of a petition will be excused if a petitioner alleges and proves:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). When invoking a time-bar exception, the petition must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Appellant's judgment of conviction became final on February 4, 2009, when the time to file a petition for a writ of certiorari with the Supreme Court of the United States expired. *Commonwealth v. Wilson*, 911 A.2d 942, 745 (Pa.Super.2006); 42 Pa.C.S. § 9545(b)(3); U.S. Sup. Ct. R. 13(1) (allowing 90 days for the filing of writ of certiorari in the Supreme Court of the United States). He had one year from that date, until February 4, 2010, to file a timely PCRA petition. Therefore, his current petition, filed on August 12, 2015, is facially untimely.

Appellant relies on *Alleyne v. United States*, --- U.S. ---, 133 S.Ct. 2151, 2158, 186 L.Ed.2d 314 (2013), to allege he qualifies for the new-constitutional-right exception to the PCRA time-bar. We disagree.

In *Alleyne*, the Supreme Court of the United States found "[f]acts that increase the mandatory minimum sentence are . . . elements and must be submitted to the jury and found beyond a reasonable doubt." *Alleyne*, --- U.S. ---, 133 S.Ct. at 2158. This was an extension of the *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), line of Supreme Court of United States cases. *Commonwealth v. Miller*, 102 A.3d 988, 994 (Pa.Super.2014).

In *Miller*, this Court found that, even if *Alleyne* announced a new constitutional right, "neither our Supreme Court, nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases in which the judgment of sentence had become final." *Miller*, 102 A.3d at 995. Because neither the Supreme Court of Pennsylvania nor the Supreme

Court of the United States have held that **Alleyne** applies to cases on collateral review, Appellant cannot satisfy the new-constitutional-right exception to the PCRA time-bar. **See** 42 Pa.C.S. § 9545(b)(1)(iii); **Miller**, 102 A.3d at 995.[3]

Accordingly, Appellant's PCRA petition is time-barred and he fails to establish any exception to the PCRA time-bar. The PCRA court's dismissal of the PCRA petition as untimely is supported by the record and free of legal error.

Order affirmed.

President Judge Emeritus Ford Elliott joins in the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/6/2016

_____

[3] Although a challenge to the legality of sentence "is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." **See Commonwealth v. Infante**, 63 A.3d 358, 365 (Pa.Super.2013). If a PCRA petition is untimely, the court lacks the jurisdiction to hear any claim, including a legality of sentence challenge. **Id.**