J-S47024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALLEN VIDMOSKO | |
| Appellant | No. 2231 MDA 2015 |

Appeal from the PCRA Order December 1, 2015
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0002279-2009

BEFORE:  SHOGAN, J., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                        **FILED JULY 18, 2016**

Appellant Allen Vidmosko appeals from the order entered in the Lackawanna County Court of Common Pleas dismissing as untimely his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546.  We affirm.

On December 21, 2009, Appellant pled guilty to one count of rape by forcible compulsion.[1]  On April 6, 2010, the trial court sentenced Appellant to 10 to 20 years' incarceration.  Appellant filed a motion for reconsideration, which the trial court denied on April 13, 2010.  Appellant did not file a direct appeal.

_____

[1] 18 Pa.C.S. § 3121(a)(1).

On February 2, 2012, Appellant filed a petition for writ of habeas corpus and to withdraw guilty plea. The PCRA court treated the petition as a PCRA petition and appointed counsel. On March 8, 2012, the Commonwealth filed a motion to dismiss the PCRA petition. On March 4, 2013, counsel filed a motion to withdraw as counsel pursuant to *Turner*/*Finley*.[2] On June 4, 2013, the PCRA court granted the petition to withdraw and issued notice of its intent to dismiss the PCRA petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. On July 20, 2013, the PCRA court dismissed the PCRA petition. This Court affirmed the order on May 14, 2014 and, on October 21, 2014, the Supreme Court of Pennsylvania denied Appellant's petition for allowance of appeal.

On July 21, 2015, Appellant filed a second PCRA petition. On October 22, 2015, the PCRA court issued notice of its intent to dismiss the petition without a hearing. On November 20, 2015, Appellant filed an objection to the notice of intent. On December 1, 2015, the PCRA court dismissed the petition. On December 18, 2015, Appellant filed a timely notice of appeal. Both Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant raises the following issues on appeal:

---

[2] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa.1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super.1988) (*en banc*).

I. Did the [PCRA c]ourt err in denying the [PCRA p]etition without a hearing by declaring the [PCRA p]etition facially untimely when [Appellant] filed the instant [p]etition timely within the allotted sixty (60) days of discovering his sentence was unconstitutional, therefore, illegal in light of the Pennsylvania Supreme Court decision in *Commonwealth v. Hopkins*, 117 A.3d 247 ([Pa.]2015)?

II. Did the [PCRA c]ourt err by denying the [PCRA p]etition without a hearing by raising and utilizing the United States Supreme Court's decision in *Alleyne v. United States*, 133 S.Ct. 2151 (2013) sua sponte, when it was not raised by [Appellant], who instead raised *Hopkins*, as the primary basis for the instant Petition?

III. Did the [PCRA c]ourt err in denying the [PCRA p]etition without a hearing when the [PCRA c]ourt always retains jurisdiction through the [c]ourt's inherent power to correct [Appellant's] illegal sentence?

Appellant's Brief at 4.

Before addressing the merits of a PCRA petition, we must first determine whether the petition is timely. The PCRA provides that a petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1); *accord Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa.Super.2010); *Commonwealth v. Bretz*, 830 A.2d 1273, 1275 (Pa.Super.2003). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Three exceptions to the PCRA's time-bar exist. The exceptions allow for limited circumstances under which a court may excuse the late filing of a

- 3 -

PCRA petition. 42 Pa.C.S. § 9545(b)(1); *Monaco*, 996 A.2d at 1079. To establish that an exception to the PCRA time-bar applies, a petitioner must allege and prove:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). When invoking an exception to the PCRA time-bar, the petition must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Appellant's judgment of sentence became final on May 13, 2010, when the time to seek review by this Court expired.[3] He had one year from that date, i.e., until May 13, 2011, to file a timely PCRA petition. Therefore, his current petition, filed on July 21, 2015, is facially untimely.

---

[3] Appellant had 30 days from the order denying his motion for reconsideration of sentence, docketed on April 13, 2010, to file a direct appeal. Pa.R.A.P. 903(a).

Appellant maintains he has established the newly discovered fact exception to the PCRA time bar, because the Pennsylvania Supreme Court did not issue a decision in **Commonwealth v. Hopkins**, 117 A.3d 247 (Pa.2015), until June 15, 2015.[4] However, case decisions are not facts for purposes of 42 Pa.C.S. § 9545(b)(1)(ii). **Commonwealth v. Cintora**, 69 A.3d 759, 763 (Pa.Super.2013).

Appellant also argues that we have the inherent power to correct illegal sentences. Appellant's Brief at 16. "Although legality of sentence [claims are] always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." **Commonwealth v. Infante**, 63 A.3d 358, 365 (Pa.Super.2013). Therefore, because Appellant's PCRA petition is untimely, this Court lacks the jurisdiction to hear any claim, including a legality of sentence challenge. **Id.**

---

[4] Contrary to Appellant's arguments, the decision in **Hopkins** did not create a new fact "of his sentence becoming illegal." Appellant's Brief at 8, 15. In **Hopkins**, the Supreme Court of Pennsylvania found that pursuant **Alleyne v. United States**, --- U.S. ---, 133 S.Ct. 2151, 2158, 186 L.Ed.2d 314 (2013), the mandatory minimum sentencing scheme set forth in 18 Pa.C.S. § 6317 ("Drug-free school zones") was unconstitutional in its entirety. **See Hopkins**, 117 A.3d at 262. The appellant in **Hopkins** had filed a direct appeal, as his sentence was not final at the time the Supreme Court of the United States issued its decision in **Alleyne**.

Because Appellant failed to allege and prove any exception to the PCRA time bar, the PCRA court properly dismissed his second PCRA petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/18/2016