J-S46024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KAREEN  BROWN | |
| Appellant | No. 3110 EDA 2015 |

Appeal from the PCRA Order September 1, 2015
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0000837-2007

BEFORE:  BENDER, P.J.E., OTT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY OTT, J.:                                 **FILED AUGUST 18, 2016**

Kareen[1] Brown appeals, *pro se*, from the order entered in the Court of Common Pleas of Chester County, on September 1, 2015, denying him relief on his *pro se* second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq*.   The PCRA court determined Brown's PCRA petition was untimely.   In this appeal, Brown claims the PCRA court erred in determining this was Brown's second PCRA petition and in failing to recognize he is serving an illegal sentence pursuant to **Alleyne v. United States**, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013).   After a

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] This name is spelled "Kareen" or "Kareem" throughout the certified record. However, in documents that appear to have been filled out by the appellant, it is spelled "Kareen".  Accordingly, we use that spelling.

thorough review of the submissions by the parties, relevant law, and the certified record, we affirm.

Before we can address any of Brown's substantive claims, we must address the timeliness of his petition.

[T]he timeliness of a PCRA petition implicates the jurisdiction of this Court and the PCRA court. **Commonwealth v. Williams**, 35 A.3d 44, 52 (Pa. Super. 2011)(citation omitted), *appeal denied,* 616 Pa. 467, 50 A.3d 121 (2012). "Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition." **Id**. The PCRA "confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar [.]" **Commonwealth v. Watts**, 611 Pa. 80, 23 A.3d 980, 983 (2011) (citation omitted). This is to "accord finality to the collateral review process." **Id**. "A petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), is met." The act provides, in relevant part, as follows.

§ 9545. Jurisdiction and proceedings

...

(b) Time for filing petition.—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not

> have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.
>
> ...
>
> 42 Pa.C.S.A. § 9545(b).

***Commonwealth v. Medina***, 92 A.3d 1210, 1215 (Pa. Super. 2014).

Brown's underlying claims implicate the legality of his sentence. Such claims are, generally, not subject to waiver. However,

> "[A] court may entertain a challenge to the legality of the sentence so long as the court has jurisdiction to hear the claim. In the PCRA context, jurisdiction is tied to the filing of a timely PCRA petition." [***Commonwealth v. Fowler***, 930 A.2d 586, 592 (Pa. Super. 2007)] (*quoting* ***Commonwealth v. Berry***, 877 A.2d 479, 482 (Pa. Super. 2005) (*en banc*), *appeal denied,* 591 Pa. 688, 917 A.2d 844 (2007)). "Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." ***Fowler***, ***supra***, Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. ***Commonwealth v. Robinson***, 575 Pa. 500, 837 A.2d 1157 (2003). Thus, a collateral claim regarding the legality of a sentence can be lost for failure to raise it in a timely manner under the PCRA. ***Commonwealth v. Wojtaszek***, 951 A.2d 1169, 1173 n. 9 (Pa. Super. 2008), *appeal denied,* 600 Pa. 733, 963 A.2d 470 (2009).

***Commonwealth v. Infante***, 63 A.3d 358, 375 (Pa. Super. 2013).

Accordingly, we need not examine the merits of Brown's claim of illegal sentence if the claim itself has not been raised in a timely manner.

Here, the PCRA court determined, and the certified record confirms, that Brown's judgment of sentence became final on March 7, 2011 when the United States Supreme Court denied Brown's Petition for Writ of Certiorari on direct appeal. Pursuant to statute, Brown had one year from that date, or until March 7, 2012, to file his PCRA petition. On June 15, 2015, Brown filed this petition, his second.[2] It is facially untimely by greater than three years. Nonetheless, Brown claims the petition is timely based upon the newly recognized constitutional right announced by the United States Supreme Court in *Alleyne*, *supra*. *See* 42 Pa.C.S. § 9545(b)(1)(iii). This argument is unavailing.

In order to qualify for any of the three exceptions to the one-year timeliness limit, the petitioner must file the claim within 60 days of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2). In that regard, the PCRA court found that *Alleyne* was filed on June 17, 2013, which meant Brown had until Friday, August 16, 2013 in which to file his petition. *See* Notice of Intent to Dismiss PCRA Petition, at 3-5 (7/28/2015). The certified record confirms Brown did not file the instant petition until June

---

[2] Brown filed a prior petition, seeking permission to file a PCRA petition *nunc pro tunc*. That petition was denied by the PCRA court, which decision was affirmed by a panel of our Court. *See Commonwealth v. Brown*, 106 A.3d 181 (Pa. Super. 2014) (unpublished memorandum), *allowance of appeal denied*, 109 A.3d 677 (Pa. 2015).

15, 2015. Accordingly, he is not entitled to the benefit of the newly recognized constitutional right exception.[3]

Because the petition was untimely, the PCRA court correctly determined it did not have jurisdiction to address the merits of Brown's petition. Accordingly, the PCRA court did not err in dismissing the petition.[4]

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/18/2016

_____

[3] Because the petition does not satisfy the requirements of Section 9545(b)(2), we need not discuss the fact that **Alleyne** is not subject to retroactive application, which would be another reason why Brown is not entitled to relief. **See Commonwealth v. Washington**, ___ A.3d ___, 2016 WL 3900988 (Pa. 2016) (7/19/2016)

[4] The PCRA court also asserted that Brown's appeal of the denial of his PCRA petition was untimely filed. We recognize our prerogative to remand this matter for a hearing to determine Brown's compliance with the prisoner mailbox rule. **See Smith v. Pennsylvania Board of Probation and Parole**, 683 A.2d 278, 282-83 (Pa. 1996). However, given our disposition, we decline as it "would be futile to do so." **See Commonwealth v. Chambers**, 35 A.3d 34, 40 (Pa. Super. 2011).