J-S89021-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| HECTOR RIVERA | |
| Appellant | No. 853 EDA 2016 |

Appeal from the PCRA Order February 24, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1106201-1996

BEFORE:  SHOGAN, J., MOULTON, J., and FITZGERALD, J.[*]

MEMORANDUM BY MOULTON, J.:                    **FILED APRIL 27, 2017**

Hector Rivera appeals from the February 24, 2016 order of the Philadelphia County Court of Common Pleas dismissing as untimely his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On May 27, 1997, following a bench trial, the trial court convicted Rivera of rape, statutory rape, indecent assault, unlawful restraint, endangering the welfare of children, corruption of minors, false imprisonment, attempted involuntary deviate sexual intercourse, and indecent exposure.[1]  On November 29, 1999, the trial court sentenced

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3121, 3122, 3126, 2902, 4304, 6301, 2903, 3123, and 3127, respectively.

Rivera to a total of 23½ to 47 years' incarceration. On April 18, 2001, this Court affirmed his judgment of sentence. Rivera filed a petition for allowance of appeal, which the Pennsylvania Supreme Court denied on October 4, 2001.

On October 3, 2002, Rivera timely filed his first PCRA petition, which the PCRA court denied. Rivera appealed to this Court and, on November 29, 2005, we vacated the PCRA court's order and remanded for the PCRA court to make a determination regarding Rivera's indigency status and appoint counsel if necessary. On June 25, 2008, the PCRA court again dismissed Rivera's PCRA petition. Rivera appealed to this Court, and we affirmed on July 14, 2009.

On March 25, 2014, Rivera filed a writ of *habeas corpus* claiming ineffective assistance of counsel, which the PCRA court treated as a second PCRA petition.[2] On July 23, 2015, Rivera filed the instant PCRA petition, which the PCRA court treated as a supplement to Rivera's second PCRA

---

[2] Because the *habeas* petition asserted a claim of trial counsel ineffectiveness, the trial court did not err in treating it as a PCRA petition. **See** 42 Pa.C.S. § 9542 ("The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis."); **see also Commonwealth v. Hall**, 771 A.2d 1232, 1235 (Pa. 2001) ("No other statutory or common law remedy 'for the same purpose' is intended to be available; instead, such remedies are explicitly 'encompassed' within the PCRA.").

petition. The PCRA court addressed all of Rivera's claims in its August 24, 2015 notice of intent to dismiss pursuant to Pennsylvania Rule of Criminal Procedure 907(1). Rivera timely objected, and, on February 24, 2016, the PCRA court issued an order and opinion dismissing Rivera's petition. Rivera timely filed a notice of appeal. The PCRA court did not order Rivera to file a Pennsylvania Rule of Appellate Procedure 1925(b) statement.[3]

On appeal, Rivera raises the following issues:

I. Did the P.C.R.A. Court err in denying the instant Post Conviction Relief Act Petition without a hearing when the "new rule" of law created by the United States Supreme Court in their plurality decision in *Alleyne v. United States*, 133 S.Ct. 2151 (2013) is a "substantive rule," that by "constitutional requirement" must be implied (sic) retroactively in the instant case?

II. Did the P.C.R.A. Court err in denying the Post Conviction Relief Act Petition without a hearing when Mr. Rivera filed the instant Post Conviction Relief Act Petition timely by filing within sixty (60) days of learning of the Supreme Court of Pennsylvania's decision in *Commonwealth v. Hopkins*, 117 A.3d 247 (2015)?

III. Did the P.C.R.A. Court err in denying the Post Conviction Relief Act Petition without a hearing when Mr. Rivera contends that through the Court's inherent power, the P.C.R.A. Court always retains jurisdiction to correct his patently unconstitutional, and therefore illegal sentence?

_____

[3] The PCRA court did not file a Rule 1925(a) opinion; however, the reasons for its order are included in its February 24, 2016 Order and Opinion.

Rivera's Br. at 4 (suggested answers omitted).[4]

Our review of an order denying PCRA relief is limited to determining "whether the decision of the PCRA court is supported by the evidence of record and is free of legal error." *Commonwealth v. Melendez–Negron*, 123 A.3d 1087, 1090 (Pa.Super. 2015). We will not disturb the PCRA court's factual findings "unless there is no support for [those] findings in the certified record." *Id.*

It is well settled that "the timeliness of a PCRA petition is a jurisdictional requisite." *Commonwealth v. Brown*, 111 A.3d 171, 175 (Pa.Super. 2015), *app. denied*, 125 A.3d 1197 (Pa. 2015). A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking [such] review." 42 Pa.C.S. § 9545(b)(3).

The trial court sentenced Rivera on November 29, 1999. He appealed to this Court, and we affirmed his judgment of sentence on April 18, 2001. Rivera then sought allowance of appeal, which the Pennsylvania Supreme

_____

[4] In his March 25, 2014 writ of *habeas corpus*, Rivera raised an ineffectiveness of counsel claim; however, Rivera does not raise this issue on appeal.

Court denied on October 4, 2001. Rivera did not file a writ of *certiorari* with the United States Supreme Court and, therefore, his judgment of sentence became final on January 2, 2002.[5] He had one year from that date, that is, until January 2, 2003, to file a timely PCRA petition. Therefore, his current petition, filed on July 23, 2015, is facially untimely.

Courts may consider a PCRA petition filed more than one year after a judgment of sentence became final only if the petitioner alleges and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii); *see Brown*, 111 A.3d at 175. In addition, when invoking an exception to the PCRA time bar, the petition must "be filed

---

[5] Rivera had 90 days from the date the Pennsylvania Supreme Court denied his petition for allowance of appeal to file a petition for a writ of *certiorari* with the United States Supreme Court. *See* U.S. S. Ct. R. 13.

within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Rivera claims that **Alleyne** created a new constitutional right that should be applied retroactively. However, our Supreme Court held in **Commonwealth v. Washington**, 142 A.3d 810, 820 (Pa. 2016), that **Alleyne** does not apply retroactively to collateral attacks on mandatory minimum sentences. Thus, **Alleyne** does not apply retroactively to Rivera's case.

Rivera also claims he meets the "new facts" exception because he filed his PCRA petition within 60 days of learning of the **Commonwealth v. Hopkins** decision. In **Hopkins**, the Pennsylvania Supreme Court found that pursuant to **Alleyne**, the mandatory minimum sentencing scheme set forth in 18 Pa.C.S. § 6317 ("Drug-free school zones") was unconstitutional in its entirety. 117 A.3d at 262. Unlike Rivera, who seeks relief through a PCRA petition, the appellant in **Hopkins** had filed a direct appeal, as his sentence was not final at the time the United States Supreme Court issued its decision in **Alleyne**. Further, "a judicial opinion does not qualify as a previously unknown 'fact' capable of triggering the timeliness exception set forth in section 9545(b)(1)(ii) of the PCRA." **See Commonwealth v. Cintora**, 69 A.3d 759, 763 (Pa.Super. 2013).

Finally, Rivera claims that we have the inherent power to correct illegal sentences. "Although legality of sentence [claims are] always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits

- 6 -

or one of the exceptions thereto." **Commonwealth v. Infante**, 63 A.3d 358, 365 (Pa.Super. 2013) (quoting **Commonwealth v. Fowler**, 930 A.2d 586, 592 (Pa.Super. 2007)). Therefore, because Rivera's PCRA petition is untimely, this Court lacks jurisdiction to hear any claim, including a challenge to the legality of his sentence.

In sum, Rivera's PCRA petition is time-barred. We conclude the PCRA court's dismissal of the PCRA petition as untimely is supported by the record and free of legal error.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/27/2017