J-S38003-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DAMEON ELLIS | : | |
| | : | |
| Appellant | : | No. 2025 EDA 2016 |

Appeal from the PCRA Order June 1, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0503111-1999

BEFORE:    GANTMAN, P.J., SHOGAN, J., and FITZGERALD, J.*

JUDGMENT ORDER BY GANTMAN, P.J.:                **FILED JUNE 14, 2017**

Appellant, Dameon Ellis, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which dismissed as untimely his third petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  A jury convicted Appellant on November 13, 2000, of one count of first-degree murder, two counts of attempted murder, and related offenses, in connection with the December 2, 1998 killing of one man and serious wounding of two others.  On November 14, 2000, a "death qualified" jury sentenced Appellant to life imprisonment for the murder conviction.  The court sentenced Appellant on January 23, 2001, to additional terms of imprisonment for the remaining offenses.  This Court affirmed the judgment of sentence on February 4, 2002, and the Supreme Court denied allowance of appeal on July 16, 2002.  ***See Commonwealth***

_____

*Former Justice specially assigned to the Superior Court.

*v. Ellis*, 797 A.2d 1022 (Pa.Super. 2002), *appeal denied*, 569 Pa. 700, 805 A.2d 520 (2002). Since then, Appellant litigated two prior PCRA petitions, both of which were ultimately unsuccessful.

On August 20, 2015, Appellant filed the current, serial *pro se* PCRA petition. The court issued Rule 907 notice on March 30, 2016. On June 1, 2016, the court dismissed Appellant's PCRA petition as untimely. Appellant timely filed a *pro se* notice of appeal on June 20, 2016. The court did not order, and Appellant did not file, a concise statement per Pa.R.A.P. 1925(b).

Preliminarily, the timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Zeigler***, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow for very limited circumstances under which the late filing of a petition will be excused; a petitioner asserting a timeliness exception must file a petition within 60 days of when the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(1-2).

Instantly, Appellant's judgment of sentence became final on October 14, 2002, upon expiration of the time for filing a petition for writ of *certiorari*

with the U.S. Supreme Court. *See* U.S.Sup.Ct.R. 13. Appellant filed the current PCRA petition on August 20, 2015, which is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). On appeal, Appellant attempts to invoke the "new constitutional right" exception to the statutory time-bar per Section 9545(b)(1)(iii), claiming he is entitled to relief under *Miller v. Alabama*, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012) (holding sentence of mandatory life imprisonment without possibility of parole for those under age of 18 at time of their crimes violates Eighth Amendment's prohibition on cruel and unusual punishments) and *Montgomery v. Louisiana*, ___ U.S. ___, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016) (holding *Miller* applies retroactively to cases on state collateral review). Nevertheless, Appellant advanced different arguments in his PCRA petition and did not raise or rely on *Miller* or *Montgomery*. Consequently, Appellant's claims are waived. *See Commonwealth v. Furgess*, 149 A.3d 90 (Pa.Super. 2016) (explaining asserted exceptions to PCRA time-bar must be raised in PCRA petition and cannot be raised for first time on appeal).

Moreover, Appellant admits he was 19 years old at the time of the offenses at issue. Thus, *Miller* and *Montgomery* do not apply. This Court has previously rejected Appellant's argument that relief under *Miller* and *Montgomery* should be extended to individuals under 25 years old because the brain is not developed fully until that age. *See Furgess, supra* (holding appellant who was 19 years old at time of offenses was not entitled to relief

under **Miller** and **Montgomery** on collateral review; rejecting appellant's argument that he should be considered "technical juvenile"). Therefore, we affirm the denial of PCRA relief.[1]

     Order affirmed.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/14/2017

_____

[1] To the extent Appellant relies on **Alleyne v. United States**, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), that decision affords him no relief. **See Commonwealth v. Washington**, ___ Pa. ___, 142 A.3d 810 (2016) (holding new constitutional rule announced in **Alleyne** is not substantive or watershed procedural rule that warrants retroactive application to collateral attacks on mandatory minimum sentences where judgment of sentence became final before **Alleyne** was decided). **Alleyne** affords Appellant no relief in any event, as **Alleyne** does not apply to the mandatory life imprisonment sentence for first-degree murder. Appellant's other challenges to the legality of his sentence are unreviewable due to the untimeliness of his petition. **See Commonwealth v. Infante**, 63 A.3d 358 (Pa.Super. 2013) (stating legality of sentence challenges brought under PCRA must first satisfy PCRA's time limits or exception to time-bar).