J-S25009-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RAYMOND PENDLETON | : | |
| | : | |
| Appellant | : | No. 1051 WDA 2017 |

Appeal from the PCRA Order July 7, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0003702-2012,
CP-02-CR-0012738-2012, CP-02-CR-0015673-2013

BEFORE:  GANTMAN, P.J., PANELLA, J., and OTT, J.

JUDGMENT ORDER BY GANTMAN, P.J.:                    **FILED JUNE 22, 2018**

Appellant, Raymond Pendleton, appeals *pro se* from the order entered in the Allegheny County Court of Common Pleas, which dismissed as untimely his second petition filed under the Post Conviction Relief Act ("PCRA") at 42 Pa.C.S.A. §§ 9541-9546.  On November 20, 2013, Appellant entered negotiated guilty pleas at three docket numbers, which included a negotiated aggregate sentence of 22½ to 50 years' incarceration.  The court sentenced Appellant that same day, and he sought no direct review; so the judgment of sentence became final for PCRA purposes on December 20, 2013.  Appellant unsuccessfully pursued the denial of his first PCRA petition through direct appeal.  ***See Commonwealth v. Pendleton***, 134 A.3d 110 (Pa.Super. 2015).

Appellant filed his current PCRA petition on May 22, 2017.  The court issued notice of its intent to dismiss, per Pa.R.Crim.P. 907, on June 7, 2017,

and dismissed the petition as untimely on July 11, 2017. Appellant timely filed a notice of appeal on July 19, 2017, but no concise statement of errors, per Pa.R.A.P. 1925(b), was ordered or filed.[1]

The timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Zeigler*, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition must be filed within one year of the date the underlying judgment became final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is "final" at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow for very limited circumstances to excuse the late filing of a petition; a petitioner asserting an exception must file a petition within 60 days of the date the claim could first have been presented. *See* 42 Pa.C.S.A. § 9545(b)(1-2).

Instantly, the judgment of sentence became final for PCRA purposes on December 20, 2013, upon expiration of the 30 days to file a direct appeal in this Court. *See* Pa.R.A.P. 903. Appellant filed the current petition on May 22, 2017, which is patently untimely by over two years. *See* 42 Pa.C.S.A. § 9545(b)(1). First, Appellant cites *Commonwealth v. Burton*, 638 Pa. 687, 158 A.3d 618 (2017) as a "new fact" to excuse the untimeliness of his petition.

---

[1] Appellant called his petition a "supplemental" petition and purported to "incorporate by reference" paragraphs 1 to 15 of a September 9, 2016 PCRA petition, which he said was still pending before the court. The certified record does not indicate, refer to, or include a September 9, 2016 PCRA petition. Thus, we limit our review to the May 22, 2017 petition.

Judicial decisions, however, do not constitute "new facts" for purposes of the Section 9545(b)(1)(ii) exception. *See Commonwealth v. Brandon*, 51 A.3d 231 (Pa.Super. 2012) (explaining subsequent decisional law does not amount to new "fact" under Section 9545(b)(1)(ii) of PCRA). Appellant next asserted "governmental interference," claiming the court wrongly denied his prior PCRA petition when he did not have transcripts to prepare it. Here, Appellant had the able assistance of counsel for his first PCRA petition, who saw it through an appeal. Appellant did not explain how or what interference of which governmental actor somehow precluded him from raising his current claims earlier. *See, e.g., Commonwealth v. Staton*, ___A.3d ___, 2018 WL 2372210 **\*4** (Pa. filed May 24, 2018) (reiterating governmental interference exception requires petitioner to plead and prove that but for obstruction by government actor, petitioner would have raised his claim earlier). Appellant also suggested a claim per *Alleyne v. U.S.*, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), regarding a mandatory minimum sentence he received at Docket No. 15673-2013. As a general rule, an *Alleyne* complaint regarding a mandatory minimum sentence is not an exception to the PCRA time bar. *See Commonwealth v. Miller*, 102 A.3d 988 (Pa.Super. 2014) (holding neither our Supreme Court nor U.S. Supreme Court has held *Alleyne* applies retroactively, which is fatal to petitioner's attempt to use it as exception to PCRA time bar). Thus, Appellant's petition failed to satisfy any of the statutory exceptions, so his current petition remained time-barred.

Therefore, the PCRA court lacked jurisdiction to review the current petition and properly dismissed it as untimely. Accordingly, we affirm.[2]

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/22/2018

---

[2] For the first time on appeal, Appellant claims his sentence is illegal under **Commonwealth v. Muniz**, ___ Pa. ___, 164 A.3d 1189 (2017). An illegal-sentence claim must first satisfy the statutory time limits of the PCRA or one of its exceptions. **See Commonwealth v. Fahy**, 558 Pa. 313, 737 A.2d 214 (1999). Otherwise, the jurisdictional limits of the PCRA render the claim incapable of review. **See Commonwealth v. Infante**, 63 A.3d 358, 365 (Pa.Super. 2013) (reiterating, "a collateral claim regarding the legality of a sentence can be lost for failure to raise it in a timely manner under the PCRA"). Here, Appellant's petition was untimely, and **Muniz** has not been declared an exception to the statutory time bar.