J-S82029-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD HASHIM | : | |
| | : | |
| Appellant | : | No. 442 EDA 2018 |

Appeal from the PCRA Order January 29, 2018
In the Court of Common Pleas of Delaware County
Criminal Division at No(s):  CP-23-CR-0007401-2012

BEFORE:   LAZARUS, J., OLSON, J., and STRASSBURGER*, J.

MEMORANDUM BY OLSON, J.:                    **FILED DECEMBER 28, 2018**

Appellant, Richard Hashim, appeals *pro se* from the January 29, 2018 order dismissing his first petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In the Fall of 2006 or 2007, Appellant laid on top of his niece, who was seven or eight years old, and rubbed his penis up and down her buttocks.  On November 7, 2012, Appellant pled guilty to one count of indecent assault of a victim less than 13 years old.[1]  On April 11, 2013, the trial court sentenced Appellant to five years' probation.  One of the conditions of Appellant's probation was that he could not have contact with minors without permission

_____

[1] 18 Pa.C.S.A. § 3126(a)(7).  Appellant also pled guilty to offenses charged in other criminal informations.  We limit our discussion to the facts and procedural history related to the indecent assault conviction at issue in this appeal.

_____

*   Retired Senior Judge assigned to the Superior Court.

from his probation officer.  Notwithstanding this condition of probation, on two occasions Appellant had contact with a minor without permission from his probation officer.

On August 2, 2016, the trial court held a *Gagnon I*[2] hearing.  On September 28, 2016, the trial court held a *Gagnon II* hearing.  At the conclusion of that hearing, the trial court found Appellant violated the terms of his probation, revoked that probation, and resentenced Appellant to one to three years' imprisonment.[3]  Appellant filed a post-sentence motion and the trial court denied that motion.

On August 7, 2017, Appellant filed a *pro se* PCRA petition.  Counsel was appointed but withdrew after Appellant demanded to proceed *pro se*.[4]  On January 2, 2018, the PCRA court issued notice of its intent to dismiss the petition without an evidentiary hearing.  *See* Pa.R.Crim.P. 907.  On January 29, 2018, the PCRA court dismissed the petition.  This timely appeal followed.[5]

---

[2] *See Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

[3] In its opinion, the trial court states that it sentenced Appellant to three years' imprisonment with no minimum. Trial Court Opinion, 2/9/18, at 3.  This would be an illegal sentence. *See* 42 Pa.C.S.A. § 9756(a)(1).  However, upon review of the certified record, the sentencing order entered on January 29, 2018 provides that Appellant was sentenced to one to three years' imprisonment.

[4] The trial court held two hearings pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998) at which Appellant knowingly, intelligently, and voluntarily waived his right to counsel.

[5] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal.

Appellant presents one issue for our review:

Whether the PCRA [court] erred in denying Appellant's PCRA [p]etition where he asserted that he received an illegal sentence from revocation of his special probation term of five years[?]

Appellant's Brief at 2.

We review the legality of a sentence *de novo* and our scope of review is plenary. **Commonwealth v. Crissman**, 195 A.3d 588, 590-591 (Pa. Super. 2018) (citation omitted). Appellant argues that he received an illegal sentence because it exceeded the sentence set forth in his negotiated plea agreement. This Court has explained that "at any revocation of probation hearing, the court is [] free to impose any sentence permitted under the Sentencing Code **and is not restricted by the bounds of a negotiated plea agreement between a defendant and prosecutor**." **Commonwealth v. Infante**, 63 A.3d 358, 365 (Pa. Super. 2013) (emphasis added; citation omitted). Thus, the trial court was not required to sentence Appellant consistent with the negotiated plea agreement.

Appellant's indecent assault conviction was graded as a first-degree misdemeanor.[6] Hence, the maximum sentence was five years' imprisonment. **See** 18 Pa.C.S.A. § 1104(1). The trial court sentenced Appellant to a

---

[6] A conviction under 18 Pa.C.S.A. § 3126(a)(7) can be graded as a first-degree misdemeanor or a third-degree felony. 18 Pa.C.S.A. § 3126(b)(3). In this case, Appellant's conviction was graded as a first-degree misdemeanor.

maximum term of three years' imprisonment,[7] *i.e.*, less than the statutory maximum of five years' imprisonment. Moreover, Appellant was not entitled to credit for the time he spent on probation. ***See Commonwealth v. Crump***, 995 A.2d 1280, 1284 (Pa. Super. 2010), *appeal denied*, 13 A.3d 475 (Pa. 2010). The PCRA court, therefore, correctly dismissed Appellant's PCRA petition because Appellant's sentence was legal.[8]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/28/18

---

[7] Contrary to Appellant's argument, the trial court did not sentence Appellant to one to three years' imprisonment followed by three years' probation. The trial court did not impose a probationary tail after resentencing Appellant following the probation revocation.

[8] To the extent that Appellant challenges the discretionary aspects of his sentence that issue is waived. ***See*** Pa.R.A.P. 2116(a). Moreover, a discretionary aspects claim is not cognizable under the PCRA.