**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Pablo INFANTE, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 14, 2013.

Filed March 6, 2013.

Karl Baker, Public Defender, Philadelphia, for appellant.

Hugh J. Burns, Jr., Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

BEFORE: STEVENS, P.J., GANTMAN, J., and LAZARUS, J.

OPINION BY GANTMAN, J.:

Appellant, Pablo Infante, appeals from the order entered in the Philadelphia County Court of Common Pleas, denying his petition for a writ of *certiorari*, following the second revocation of his probation and re-sentencing in Municipal Court. We reverse the order denying Appellant's petition for writ of *certiorari*, vacate the sentence imposed following probation revocation and remand for re-sentencing.

The relevant facts and procedural history of this appeal are as follows.

On February 26, 2008, [Appellant] was arrested in Philadelphia for suspicion of driving under the influence of marijuana [ ("DUI") ]. A subsequent blood test showed that [Appellant's] blood had traces of marijuana. Roughly eight months later, on October 16, 2008, [Appellant] was again arrested for suspicion of [DUI]. A subsequent blood test showed that [Appellant's] blood had traces of marijuana.

On April 13, 2009, [Appellant] appeared before the ... Philadelphia Municipal Court. [Appellant] appeared at this hearing to plead guilty to both the February 26th and October 16th DUI offenses. [Appellant] entered into a negotiated plea deal in which his February

26th DUI would be sentenced as a "first offense" under [75 Pa.C.S.A. § 3804(c)(1) ], and his October 16th DUI would be sentenced as a "second offense" under [75 Pa.C.S.A. § 3804(c)(2) ].[1]

[The court] carried out a verbal colloquy with [Appellant] to assure that he entered the pleas of guilty knowingly, voluntarily, and intelligently. [The court] accepted both guilty pleas. Defense then agreed to proceed to sentencing. With regards to the February 26th DUI, [at No. 9955 of 2008, Appellant] was sentenced as a "first offense" to three to six months' incarceration, eligible for parole after three days, along with other fines, costs, and conditions. With regards to the October 16th DUI, [at No. 51648 of 2008, Appellant] was sentenced as a "second offense" to 90 days to 12 months' incarceration, various fines, costs, and conditions, as well as a concurrent 24–month reporting probation. [Appellant] was advised of his right to file an appeal on this matter. No direct appeal on this matter was ever filed.

Six months subsequent to [Appellant's] sentencing, the decision in *Commonwealth v. Haag* [603 Pa. 46, 981 A.2d 902 (2009) ] was handed down on October 23, 2009. *Haag* was a statutory interpretation case that essentially interpreted 75 Pa.C.S.A. §§ 3804 and 3806 as requiring a conviction on a first DUI offense prior to the **commission** of a second DUI offense, in order to sentence the second DUI as a "second offense" under § 3804(b)(2).

\*      \*      \*

Following the April 13, 2009 hearing, [Appellant] did not follow the terms and conditions of his sentence, including the 24–month reporting probation he received for the October 16th DUI. Numerous violations of [Appellant's] probation occurred, and several bench warrants had been issued with respect to this matter. [Appellant's] own counsel recognized [Appellant's] problems with drug abuse and his "ups and downs" in the DUI Treatment Court Program.

On June 27, 2011, [Appellant's] original 24–month probation from the October 16th DUI was revoked by [the Municipal Court], and [Appellant] was sentenced to an additional 24 months of reporting probation.

\*      \*      \*

Again, no direct appeal of the judgment of sentence at this hearing was filed.

Despite [the Municipal Court's] leniency in only sentencing [Appellant] to an additional 24–month probation period at the June 27, 2011 hearing, [Appellant] continued to violate the terms of his new probation. On December 19, 2011, [Appellant] again appeared before [the Municipal Court] in a violation of probation hearing. This was the first point at which the defense acknowledged [*Haag* ], yet they did not argue that it should have been applied retroactively to find [Appellant's] original sentence illegal. Despite the help and numerous opportunities given to [Appellant] to reform his drug abuse problem, he failed to do so, and [the Municipal Court] sentenced him at [No. 51648 of 2008] to six

1. We have no written guilty plea colloquy in the certified record. The transcript from the guilty plea hearing, however, makes clear that Appellant did not accede to any formal designation of the February 26, 2008 DUI as a "first offense" and the October 16, 2008 DUI as a "second offense" under 75 Pa.C.S.A. § 3806. Neither the Commonwealth nor the trial court officially makes that contention, notwithstanding the court's phrasing in its opinion.

to [twenty-three months and fifteen days'] incarceration.

[Appellant] filed a timely petition for writ of *certiorari* to Common Pleas Court, contesting the December 19, 2011 re-sentencing.

Instead of arguing that [the Municipal Court's] decision in the December 19th hearing was in some way incorrect, [Appellant], for the first time, argued that [*Haag* ] should be applied retroactively to his original April 13, 2009 guilty plea, thus negating his sentence on the October 16th DUI on the grounds of illegality. [Following a March 15, 2012] hearing, [the court] denied [Appellant's] petition for writ of *certiorari.*

(Trial Court Opinion, filed August 2, 2012, at 2–5) (internal footnotes and citations to the record omitted) (emphasis in original). Contrary to the last paragraph of the court's opinion, the record reveals counsel did in fact argue, both in the petition for writ of *certiorari* and at the March 15, 2012 hearing, that the December 19th sentence was the one that was illegal. Counsel did not attempt a direct or collateral attack on the original sentence imposed on April 13, 2009. In the petition, counsel informed the court of *Haag, supra* and called into question the December 19, 2011 sentence as violative of *Haag* and therefore illegal. Likewise, the following illustrates counsel's argument at the March 15, 2012 hearing on Appellant's petition for writ of *certiorari:*

COUNSEL: ... Judge Meehan sentenced [Appellant] again, and this time he sentenced [Appellant] to [6–23½] months.

It's our contention that **that's** our illegal sentence. We believe that the petition should be granted and [Appellant]

should be sentenced to [3–6] months. It's our contention that Your Honor does have the authority to rule on this and correct the sentence.

(N.T. Hearing, 3/15/12, at 4). Counsel also cited *Commonwealth v. Holmes,* 593 Pa. 601, 933 A.2d 57 (2007) for the proposition that the court had the power to correct patent mistakes in sentencing following revocation of probation, even in the absence of traditional jurisdiction (argued in anticipation of the Commonwealth's position that Appellant's appeal to the Court of Common Pleas was untimely). The court ruled the appeal was timely but denied the relief requested.

Appellant timely filed a notice of appeal on March 28, 2012. On June 21, 2012, the court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). Appellant timely filed a Rule 1925(b) statement on July 11, 2012.

Appellant raises one issue for our review:

DID NOT THE COURT ERR IN DENYING APPELLANT'S WRIT OF *CERTIORARI* TO THE PHILADELPHIA COURT OF COMMON PLEAS FROM THE JUDGMENT OF SENTENCE IMPOSED BY THE PHILADELPHIA MUNICIPAL COURT AS THE SENTENCE WAS ILLEGAL PURSUANT TO [*Haag* ... ]?

(Appellant's Brief at 3).

██ Notwithstanding the position presented at the December 19, 2011 sentencing and iterated at the March 15, 2012 hearing, in his Rule 1925(b) statement and on appeal, Appellant now challenges the legality of **both** the 2009 sentence and the 2011 sentence following revocation of probation.[2] Appellant relies on *Haag* to ar-

---

**2.** The Commonwealth insists Appellant's en-        tire argument on appeal focuses on his origi-

gue the sentencing court imposed an illegal sentence on April 13, 2009, because his first DUI conviction did not occur before the commission of his second DUI. Appellant reasons the 2009 sentence was illegal; therefore, the revocation sentence imposed on December 19, 2011 was likewise illegal. Appellant concludes this Court should reverse and remand for re-sentencing. We agree that the December 19, 2011 sentence is illegal, but do so on other grounds.

■■■ This case implicates a number of legal principles, the first of which is: Following probation violation proceedings, this Court's scope of review is limited to verifying the validity of the proceeding and the legality of the sentence imposed. *Commonwealth v. Heilman,* 876 A.2d 1021 (Pa.Super.2005). "The defendant or the Commonwealth may appeal as of right the legality of the sentence." 42 Pa.C.S.A. § 9781(a). As long as the reviewing court has jurisdiction, a challenge to the legality of the sentence is non-waivable and the court can even raise and address it *sua sponte. Commonwealth v. Edrington,* 780 A.2d 721, 723 (Pa.Super.2001). *See also Commonwealth v. Robinson,* 931 A.2d 15, 19–20 (Pa.Super.2007). "Issues relating to the legality of a sentence are questions of law...." *Commonwealth v. Diamond,* 945 A.2d 252, 256 (Pa.Super.2008), *appeal denied,* 598 Pa. 755, 955 A.2d 356 (2008). As with all questions of law on appeal, our "standard of review is *de novo* and our scope of review is plenary." *Id.*

■■■ "A claim that implicates the fundamental legal authority of the court to impose a particular sentence constitutes a challenge to the legality of the sentence." *Commonwealth v. Catt,* 994 A.2d 1158, 1160 (Pa.Super.2010) (*en banc*). "If no

statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated." *Id.* (quoting *Commonwealth v. Watson,* 945 A.2d 174, 178–79 (Pa.Super.2008)). Likewise, a sentence that exceeds the statutory maximum is illegal. *Commonwealth v. Bradley,* 575 Pa. 141, 834 A.2d 1127 (2003). If a court "imposes a sentence outside of the legal parameters prescribed by the applicable statute, the sentence is illegal and should be remanded for correction." *Commonwealth v. Vasquez,* 560 Pa. 381, 388, 744 A.2d 1280, 1284 (2000).

The sentencing statute in question in this case is Section 3806 of the Motor Vehicle Code which states:

**§ 3806. Prior offenses**

**(a) General rule.**—Except as set forth in subsection (b), the term "prior offense" as used in this chapter shall mean a conviction, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition before the sentencing on the present violation for any of the following:

(1) an offense under section 3802 (relating to driving under influence of alcohol or controlled substance);

(2) an offense under former section 3731;

(3) an offense substantially similar to an offense under paragraph (1) or (2) in another jurisdiction; or

(4) any combination of the offenses set forth in paragraph (1), (2) or (3).

**(b) Repeat offenses within ten years.**—The calculation of prior offenses

---

nal 2009 sentence, not the proceeding from which this appeal arises. Appellant calls into question both sentences; thus, the Commonwealth's interpretation is not wholly accurate,

considering the circumstances of this case and given the prevailing law regarding sentence legality.

for purposes of sections 1553(d.2) (relating to occupational limited license), 3803 (relating to grading) and 3804 (relating to penalties) shall include any conviction, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition within the ten years before the present violation occurred for any of the following:

    (1) an offense under section 3802;

    (2) an offense under former section 3731;

    (3) an offense substantially similar to an offense under paragraph (1) or (2) in another jurisdiction; or

    (4) any combination of the offenses set forth in paragraph (1), (2) or (3).

75 Pa.C.S.A. § 3806. "Section 3806(a) and Section 3806(b) both define 'prior offense;' however, Section 3806(a) is a general rule that applies to the entire chapter, whereas Section 3806(b) applies only to the three specific Vehicle Code sections it lists, including those sections governing the grading of offenses and sentencing." *Catt, supra* at 1161.

    ▬▬ On October 23, 2009, our Supreme Court held:

In enacting the current DUI statute, the legislature provided, through the deliberate use of a common exception phrase, that subsection (a) is not the end of the inquiry as to how previous violations are to be defined and utilized in making grading and sentencing determinations. By opening subsection (a) with the phrase "[e]xcept as otherwise set forth in subsection (b)," the legislature expressly directed that subsection (b) overrides the application of subsection (a) in circumstances such as those present here.

Thus, for purposes of applying the recidivist sentencing provisions of the DUI statute, when presented with two or more Section 3802 DUI violations, a sentencing court must first ascertain whether conviction on the first violation **occurred before** the offender **committed** the subsequent offense. If no conviction on that previous violation had occurred by the time the offender committed the subsequent violation, pursuant to Section 3806(b), the offender cannot be sentenced as a recidivist on the subsequent violation.

*Haag, supra,* 603 Pa. at 55, 981 A.2d at 907 (emphasis in original). In recognition of the recidivist philosophy inherent in Section 3806, this Court reiterated:

Therefore, when a court sentences a defendant under Section 3804 or grades a defendant's offenses under Section 3803, the court **must** apply Section 3806(b) to determine whether the defendant has a prior conviction. If a defendant does not have an earlier DUI disposition when [he] commits a later DUI offense, the court must treat both DUI offenses at sentencing as first-time offenses.

*Catt, supra* at 1162 (internal citations omitted) (emphasis in original). In *Haag*, our Supreme Court had its first opportunity to construe Section 3806 and issue an authoritative statement on the proper construction of that statute; thus, when the Supreme Court answers a specific question about the meaning of a statute, its "initial interpretation does not announce a new rule of law"; the Court's "first pronouncement on the substance of a statutory provision is purely a clarification of existing law." *Commonwealth v. Eller,* 569 Pa. 622, 632, 807 A.2d 838, 844 (2002). As such, the Court's construction of the statute is considered a part of the statute from the effective date of the statute and does not operate in an unlawful retroactive fashion. *See id.* (holding Supreme Court's interpretation of PCRA in *Commonwealth*

*v. Lantzy,* 558 Pa. 214, 736 A.2d 564 (1999) does not operate in unlawful retroactive fashion to bar relief to petitioners who sought *nunc pro tunc* restoration of appellate rights outside framework of PCRA). Any "perceived injustice cannot warrant the judicial creation of an extra-PCRA remedy for claims exclusively reserved by the statute." *Id.* at 634, 807 A.2d at 845.

▌ When, on appeal from a sentence imposed following probation revocation, an appellant collaterally attacks the legality of the underlying conviction or sentence,

> such an approach is incorrect and inadequate for two reasons. First any collateral attack of the underlying conviction [or sentence] must be raised in a petition pursuant to the Post–Conviction Relief Act. Second, such an evaluation ignores the procedural posture of [the] case, where the focus is on the probation revocation hearing and the sentence imposed consequent to the probation revocation, not the underlying conviction and sentence.

*Commonwealth v. Beasley,* 391 Pa.Super. 287, 570 A.2d 1336, 1338 (1990). The PCRA provides the sole means for obtaining collateral review of a judgment of sentence. *Commonwealth v. Fowler,* 930 A.2d 586, 591 (Pa.Super.2007), *appeal denied,* 596 Pa. 715, 944 A.2d 756 (2008); 42 Pa. C.S.A. § 9542. "[A] court may entertain a challenge to the legality of the sentence so long as the court has jurisdiction to hear the claim. In the PCRA context, jurisdiction is tied to the filing of a timely PCRA petition." *Id.* at 592 (quoting *Commonwealth v. Berry,* 877 A.2d 479, 482 (Pa.Super.2005) (*en banc*), *appeal denied,* 591 Pa. 688, 917 A.2d 844 (2007)). "Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." *Fowler, supra.*

Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. *Commonwealth v. Robinson,* 575 Pa. 500, 837 A.2d 1157 (2003). Thus, a collateral claim regarding the legality of a sentence can be lost for failure to raise it in a timely manner under the PCRA. *Commonwealth v. Wojtaszek,* 951 A.2d 1169, 1173 n. 9 (Pa.Super.2008), *appeal denied,* 600 Pa. 733, 963 A.2d 470 (2009).

▌ Our analysis in this case unavoidably turns to consideration of the sentencing alternatives available to the court upon probation revocation. *Commonwealth v. Perreault,* 930 A.2d 553, 557 (Pa.Super.2007), *appeal denied,* 596 Pa. 729, 945 A.2d 169 (2008); *Commonwealth v. Hoover,* 909 A.2d 321, 322–23 (Pa.Super.2006). To begin, we observe that as a general rule, "upon revocation, the sentencing alternatives available to the court shall be the same as the alternatives available at the time of initial sentencing...." *See Fowler, supra* at 595 (quoting *Commonwealth v. Serrano,* 727 A.2d 1168, 1170 (Pa.Super.1999)). Normally, "the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." *Commonwealth v. Coolbaugh,* 770 A.2d 788, 792 (Pa.Super.2001). *See also Commonwealth v. MacGregor,* 912 A.2d 315, 317 (Pa.Super.2006).

> As ... the sentencing alternatives available to a court at the time of initial sentencing are all of the alternatives statutorily available under the Sentencing Code, ... at any revocation of probation hearing, the court is similarly free to impose any sentence permitted under the Sentencing Code and is not restricted by the bounds of a negotiated plea agreement between a defendant and prosecutor.

\*      \*      \*

The rationale for giving the trial court such discretion upon resentencing is grounded in the nature of a negotiated guilty plea, which is a two-sided agreement that imposes obligations on both the defendant and the Commonwealth. On the one hand, the Commonwealth agrees not to prosecute the defendant to the full extent of the law and to recommend a circumscribed punishment. The defendant, on the other hand, accepts this benefit with the implicit promise that he will abide by the terms of the agreement and behave in accordance with the legal punishment imposed by the court.

Significantly, the court ensures that the Commonwealth upholds its end of the bargain. Further, the court demands that the defendant, in return, fulfill his own obligations under the plea agreement in order to retain the benefits granted to him in that bargain. As a result, if the defendant fails to satisfy his obligations, *e.g.*, by violating probation, he necessarily forfeits any entitlement to a circumscribed punishment. [T]o allow the defendant who breaches the bargain to keep the benefits conferred upon him by a plea agreement would make a sham of the negotiated plea process and would give the defendant a second bite at his sentence.

*Commonwealth v. Raphael*, 879 A.2d 1264, 1266–67 (Pa.Super.2005), *appeal denied*, 587 Pa. 712, 898 A.2d 1070 (2006) (quoting *Commonwealth v. Wallace*, 582 Pa. 234, 241–42, 870 A.2d 838, 842–43 (2005)) (internal citations and quotation marks omitted). *But see Commonwealth v. Mazzetti*, —— Pa. ——, 44 A.3d 58 (2012) (affirming trial court's refusal to impose mandatory minimum at re-sentencing following revocation of probation, where, at defendant's original sentencing, Commonwealth had agreed to waive mandatory minimum, provided no notice of intent to pursue mandatory minimum, and presented no evidence on applicability of mandatory minimum; Commonwealth was precluded from seeking mandatory minimum sentence at re-sentencing after revocation).

Additionally, credit for time served is governed by statute as follows:

### § 9760. Credit for time served

▮▮▮▮ After reviewing the information submitted under section 9737 (relating to report of outstanding charges and sentences) the court shall give credit as follows:

(1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

(2) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody under a prior sentence if he is later reprosecuted and resentenced for the same offense or for another offense based on the same act or acts. This shall include credit in accordance with paragraph (1) of this section for all time spent in custody as a result of both the original charge and any subsequent charge for the same offense or for another offense based on the same act or acts.

(3) If the defendant is serving multiple sentences, and if one of the sentences is set aside as the result of direct or collateral attack, credit against the maximum and any minimum term of the remaining sentences shall be given for

all time served in relation to the sentence set aside since the commission of the offenses on which the sentences were based.

(4) If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge that has not been credited against another sentence.

42 Pa.C.S.A. § 9760. "[A] defendant shall be given credit for any days spent in custody prior to the imposition of sentence, but only if such commitment is on the offense for which sentence is imposed." *Commonwealth v. Clark*, 885 A.2d 1030, 1034 (Pa.Super.2005) (quoting *Commonwealth v. Miller*, 440 Pa.Super. 380, 655 A.2d 1000, 1002 (1995)) (internal quotation marks omitted). In the context of sentencing after probation revocation, the court must give due consideration to the time the defendant has spent serving probation, but the court is not required to credit the defendant with any time spent on probation. *Commonwealth v. Crump*, 995 A.2d 1280, 1284 (Pa.Super.2010), *appeal denied*, 608 Pa. 661, 13 A.3d 475 (2010). Likewise, the defendant is not automatically granted "credit for time served while incarcerated on the original sentence unless the court imposes a new sentence that would result in the defendant serving

time in excess of the statutory maximum." *Id.* *See also Commonwealth v. Schutzues*, 54 A.3d 86, 90 n. 2 (Pa.Super.2012) (citing *Crump* for this proposition).

In the instant case, the court originally sentenced Appellant on April 13, 2009, deeming the February 2008 DUI as a "first" offense and the October 2008 DUI as a "second" offense for purposes of Section 3806. Our Supreme Court decided *Haag* on October 23, 2009, six months after Appellant's original sentencing. To the extent Appellant challenges his original sentence imposed on April 13, 2009, his claims are untimely, notwithstanding the fact that the Supreme Court's interpretation of Section 3806 relates back to the effective date of the statute (February 1, 2004, amended effective November 29, 2004). Appellant's original sentence was undoubtedly illegal when imposed on April 13, 2009, because Appellant's October 2008 DUI could not constitute a second offense under Section 3806(b) for sentencing purposes.[3] *See Haag, supra.* Instead, the February 2008 and October 2008 DUI offenses were both "first" offenses. *See id.* Appellant, however, failed to file a timely PCRA petition challenging the legality of that initial sentence, where that claim on Appellant's behalf would be one exclusively reserved for the PCRA under the circumstances of this case. *See Fowler, supra; Beasley, supra.* Therefore, Appellant's claim as to the legality of the original sentence was lost.[4] *See Wojtaszek, supra.*

---

**3.** The Common Pleas Court notes the pre-*Haag* cases that guided imposition of the 2009 sentence. (*See* Trial Court Opinion at 3 n. 2.) In its *Haag* decision, the Supreme Court expressly disapproved those cases.

**4.** Appellant relies on *Commonwealth v. Milhomme*, 35 A.3d 1219 (Pa.Super.2011) for the proposition that we can review his original sentence, on this appeal from the sentence imposed following probation revocation, if the

original sentence was illegal based on intervening case law. Appellant's reliance on that case is misplaced. The *Milhomme* Court actually declined to review the original sentence on the appeal from the sentence following probation revocation simply because of intervening case law. The *Milhomme* Court did declare the original sentence in that case illegal on the ground that the sentencing scheme initially employed had already been proscribed at the time of the original sentence,

Nevertheless, our inquiry is not over, because the new sentence of 6–23½ months' incarceration, which the court imposed following probation revocation on December 19, 2011, also violates the statute and must be vacated. Upon revocation of probation, the court used the wrong sentencing parameters under Section 3804. Surely *Haag* affected the sentencing alternatives available to the court on December 19, 2011, following revocation of Appellant's probation. Appellant's failure to dispute his original sentence in a timely manner does not foreclose a court, including this one, from correcting the subsequent sentence imposed following probation revocation, if that later sentence is illegal and we have jurisdiction to correct it.

Thus, we conclude the best resolution of this case is to reverse the order denying Appellant's petition for writ of *certiorari*, vacate the sentence imposed following probation revocation and remand for re-sentencing. Upon remand, the court must give Appellant credit for time served on this offense, if the court imposes a new sentence that would cause Appellant to serve time in excess of the statutory maximum for a first DUI offense. *See Crump, supra*; 75 Pa.C.S.A. § 3803. Accordingly, we reverse the order denying the petition for writ of *certiorari*, vacate the probation revocation sentence, and remand the matter for further proceedings.

Order reversed; case remanded for further proceedings. Jurisdiction is relinquished.

relying on *Commonwealth v. Everett*, 277 Pa.Super. 323, 419 A.2d 793 (1980). Given the procedural posture of *Everett* (on appeal from the denial of PCHA relief) and the new time constraints under the current PCRA, we are reluctant to use *Everett* to invalidate Appellant's original sentence in the present case.