J-S48032-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ROBERT LEVELLE TAYLOR, | : | |
| | : | |
| Appellant | : | No. 1936 WDA 2015 |

Appeal from the Judgment of Sentence November 12, 2015
in the Court of Common Pleas of Allegheny County,
Criminal Division, No(s):  CP-02-CR-0009408-2012

BEFORE:  BOWES, DUBOW and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                 **FILED JULY 25, 2016**

Robert Levelle Taylor ("Taylor") appeals from the judgment of sentence imposed following the revocation of his probation.  We vacate and remand for resentencing.

On December 6, 2012, Taylor entered a negotiated guilty plea to one count each of simple assault and terroristic threats.[1]  That same day, the trial court sentenced Taylor to two years of probation on the simple assault conviction, and no further penalty on the terroristic threats conviction. Taylor did not file a direct appeal.

On September 14, 2015, a detainer was issued against Taylor. Following a probation violation hearing on November 12, 2015, the trial court found Taylor had violated his probation.  The trial court sentenced Taylor to one and one-half to three years in prison on the simple assault

---

[1] 18 Pa.C.S.A. §§ 2701(a)(3); 2706(a)(1).

conviction, and issued no further penalty on the terroristic threats conviction. On November 18, 2015, Taylor filed a Motion for Reconsideration of Sentence, which the trial court subsequently denied. Taylor filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement.

On appeal, Taylor raises the following question for our review:

I.     Must the illegal sentence of 1½ to 3 years of incarceration for an M2 [second degree misdemeanor] offense (simple assault), which is more than the lawful maximum for that crime, be vacated on appeal?

II.    Irrespective of the illegal sentence issue noted above, is the sentence of 1½ to 3 years of incarceration for a probation violation on a simple assault charge manifestly excessive and an abuse of the sentencing court's discretion in that the court failed to consider, as it must, all required sentencing factors set forth in the sentencing code, specifically, 42 Pa.C.S.[A.] § 9721, including a recognition of the sentencing guidelines, the defendant's mental health issues and potential for rehabilitation, and society's need for deterrence?

Brief for Appellant at 6.

In his first claim, Taylor challenges the legality of his sentence and argues that his sentence for simple assault exceeds the lawful maximum sentence. *Id.* at 10-11. Taylor asserts that his conviction was graded as a misdemeanor of the second degree, which has a maximum sentence permitted by law of not more than two years. *Id.* The Commonwealth agrees. *See* Brief for the Commonwealth at 9-10.

Initially, "any claim, which asserts that a sentence exceeds the lawful maximum, implicates the legality of the sentence." *Commonwealth v.*

- 2 -

*Foster*, 17 A.3d 332, 336 (Pa. 2011). A challenge to the legality of a sentence can be raised as a matter of right and is non-waivable. *Commonwealth v. Munday*, 78 A.3d 661, 664 (Pa. Super. 2013). Whether a sentence is illegal presents a question of law, and our standard of review is plenary. *Commonwealth v. Orie*, 88 A.3d 983, 1020 (Pa. Super. 2014).

As a general rule, upon revocation of probation, the sentencing alternatives available shall be the same as the alternatives available at the time of sentencing. *Commonwealth v. Infante*, 63 A.3d 358, 365 (Pa. Super. 2013). "[T]he trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." *Id.* (citation omitted).

Here, Taylor was convicted of simple assault, which is a misdemeanor of the second degree. *See* 18 Pa.C.S.A. § 2702(b). A misdemeanor of the second degree has a statutory maximum sentence of not more than two years. *Id.* § 1104(2). Thus, Taylor's maximum prison sentence of three years exceeds the statutory maximum. *See id.*[2]

---

[2] The trial court appears to opine that Taylor's three-year sentence was legal because the maximum sentence for terroristic threats is seven years. *See* Trial Court Opinion, 3/7/16, at 3. Since the trial court issued no further penalty for the terroristic threats charge at sentencing, the trial court cannot revisit that sentence at the revocation hearing. *See Commonwealth v. Williams*, 997 A.2d 1205, 1210 (Pa. Super. 2010) (stating that "a probation revocation court does not have the authority to re-sentence an offender on a final guilty-without-punishment sentence after the period for altering or modifying the sentence has expired.").

Because Taylor's sentence exceeds the statutory maximum for this offense, this sentence must be vacated and the case remanded for resentencing.[3]

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/25/2016

---

[3] Because we are remanding for resentencing, we will not address Taylor's challenge to the discretionary aspects of his sentence claim.