J-S20043-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
ROBERT ALVIN PARSONS :
:
Appellant : No. 1787 WDA 2018

Appeal from the PCRA Order Entered October 2, 2018
In the Court of Common Pleas of Warren County
Criminal Division at No(s): CP-62-CR-0000502-2013

BEFORE: GANTMAN, P.J.E., McLAUGHLIN, J., and MUSMANNO, J.

JUDGMENT ORDER BY GANTMAN, P.J.E.: **FILED MAY 10, 2019**

Appellant, Robert Alvin Parsons, appeals from the order entered in the Warren County Court of Common Pleas, which dismissed as untimely his first petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. On April 24, 2014, Appellant entered a negotiated plea of *nolo contendere* to aggravated indecent assault and indecent assault. At the plea hearing, the parties agreed Appellant was entering his plea in exchange for the entry of *nolle prossequi* on other charges and based on the belief that the crimes would merge for sentencing purposes. At Appellant's sentencing hearing on August 1, 2014, however, the court informed the parties that the crimes did not merge and imposed separate sentences on each count to be served consecutively for an aggregate term of 6 to 12 years' imprisonment. Appellant timely filed post-sentence motions on August 11, 2014. The court

held a hearing on August 29, 2014, at which time defense counsel acknowledged the crimes did not merge for sentencing purposes but asked the court to impose concurrent sentences as "more appropriate" under the facts of the case.  At that time, Appellant did not seek to withdraw his plea due to the misunderstanding about merger.  The court denied relief that day.  Appellant did not file a direct appeal.

On June 6, 2018, Appellant filed his first PCRA petition *pro se*.  The court appointed counsel, who filed a petition to withdraw and **Turner**/**Finley** "no-merit" letter[1] on September 5, 2018.  On September 7, 2018, the court issued appropriate notice per Pa.R.Crim.P. 907 and let counsel withdraw.  Appellant did not file a response.  The court dismissed the petition as untimely on October 2, 2018.  On October 26, 2018, Appellant timely filed a *pro se* notice of appeal and voluntary concise statement of errors per Pa.R.A.P. 1925(b).

Preliminarily, the timeliness of a PCRA petition is a jurisdictional requisite.  **Commonwealth v. Zeigler**, 148 A.3d 849 (Pa.Super. 2016).  A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final.  42 Pa.C.S.A. § 9545(b)(1).  A judgment of sentence is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the

---

[1] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow for very limited circumstances to excuse the late filing of a petition; a petitioner asserting a timeliness exception must file a petition within 60 days of when the claim could first have been presented.[2] 42 Pa.C.S.A. § 9545(b)(1-2).

Instantly, Appellant's judgment of sentence became final on September 28, 2014, after the time for filing a direct appeal expired. *See* Pa.R.Crim.P. 720(A)(2)(a) (allowing 30 days to file notice of appeal from order deciding timely-filed post-sentence motions); Pa.R.A.P. 903(a) (stating notice of appeal shall be filed within 30 days after entry of order from which appeal is taken). Appellant did not file the current PCRA petition until June 6, 2018, which is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant does not plead any exception to the PCRA timeliness requirement. Instead, Appellant simply complains his sentence is illegal due to the parties' agreement on merger. Appellant's claim is unreviewable now. *See* ***Commonwealth v. Whiteman***, ___ A.3d ___, 2019 PA Super 37 (filed February 12, 2019) (holding PCRA is exclusive means to remedy illegal sentences; court lacks inherent power to correct illegal sentence if PCRA

---

[2] As of December 24, 2018, Section 9545(b)(2) now allows that any PCRA petition invoking a timeliness exception must be filed within one year of the date the claim first could have been presented. *See* Act 2018, Oct. 24, P.L. 894, No. 146, § 2, effective in 60 days [Dec. 24, 2018]. This amendment applies to claims arising on or after December 24, 2017.

petition is untimely filed); ***Commonwealth v. Infante***, 63 A.3d 358 (Pa.Super. 2013) (stating legality of sentence challenges brought under PCRA must first satisfy statutory time limits or exception to time-bar). Thus, the court properly dismissed Appellant's petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/10/2019