J-S30003-19
J-S30004-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CLIFTON BUSH | : | |
| | : | |
| Appellant | : | No. 741 EDA 2018 |

Appeal from the Judgment of Sentence March 29, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1205191-2005

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CLIFTON BUSH | : | |
| | : | |
| Appellant | : | No. 1232 EDA 2018 |

Appeal from the Judgment of Sentence March 29, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1205191-2005

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, P.J.:                    **FILED OCTOBER 17, 2019**

Appellant, Clifton Bush, appeals from the judgment of sentence imposed

following revocation of his probation.[1] He claims that he was not actually on

_____

[1] We have changed the captions at Dockets 741 EDA 2018 and 1232 EDA 2018 to reflect the date the trial court modified the judgment of sentence in accordance with its granting of Appellant's motion to reconsider sentence.  We have also *sua sponte* consolidated these matters on appeal for ease of disposition.

probation because during a violation of probation hearing in 2013, despite revoking his probation, the trial court deferred sentencing him and failed to do so thereafter. Upon review, we agree that Appellant was not sentenced to any further term of incarceration or probation following revocation of his probation in this case in 2013. Therefore, we conclude that all sentences later imposed for violating such probation are illegal. Accordingly, we vacate those sentences.

Briefly, we set forth the factual and procedural history in this matter. In 2007, Appellant pleaded guilty to possession with intent to deliver and was sentenced to not more than two nor less than four years of incarceration, followed by two years of probation. In June 2011, he was found in violation of his probation and sentenced to not less than eleven and one-half nor more than twenty-three months of incarceration, followed by three years of probation.

On September 12, 2013, the trial court found Appellant in technical violation, and revoked his probation. **See** N.T. Hearing, 9/12/13, at 8. The court deferred sentencing on the probation violation until October 2, 2013. **See id.** at 9. The docket then reflects that the October 2, 2013 hearing was continued repeatedly without sentence being imposed.

On November 6, 2015, the trial court conducted a violation of probation hearing during which it found Appellant in violation of the probation purportedly ordered following the September 12, 2013 revocation of his probation. The court imposed a sentence of not less than eleven and one-half

nor more than twenty-three months of incarceration, followed by five years of probation.

On February 16, 2018, the trial court found Appellant in violation of the probation imposed on November 6, 2015. The court revoked probation and sentenced Appellant to not less than two nor more than four years of incarceration, followed by two years of probation. On March 29, 2018, after a hearing, the court modified its sentence to not less than one nor more than two years of incarceration as it found the original sentence exceeded the statutory maximum.[2] *See* Trial Court Opinion, 10/5/18, at 3.

Appellant, while represented by counsel, filed two *pro se* notices of appeal, one prior to the court's ruling on his motion for reconsideration and one after the court's ruling. Because counsel never filed a notice of appeal on Appellant's behalf, we do not deem the *pro se* notices nullities. **See Commonwealth v. Cooper**, 27 A.3d 994, 1007 (Pa. 2011). Instead, we consider the first notice of appeal premature because it was filed prior to the entry of the order disposing of the motion for reconsideration and, pursuant to Pa.R.A.P. 905(a) treat it as filed after the court granted the motion for reconsideration. **See** Pa.R.A.P. 905(a). As such, the second *pro se* notice of

_____

[2] The trial court lacked jurisdiction to address Appellant's motion to reconsider sentence as it did not explicitly grant reconsideration within thirty days of the original sentence. **See** Pa.R.Crim.P. 708(E); **see also Commonwealth v. Swope**, 123 A.3d 333, 337 n.16 (Pa. Super. 2015). However, we conclude the court had jurisdiction to modify the patent and obvious illegality of the sentence extending beyond the statutory maximum. **See Commonwealth v. Holmes**, 933 A.2d 57, 66 (Pa. 2007).

appeal, which Appellant filed following the court granting the motion for reconsideration, is duplicative. Accordingly, we quash the appeal at 1232 EDA 2018.

Appellant raises one issue on appeal: "Was not the sentence on the purported violation of probation illegal, insofar as [Appellant's] probation was revoked in 2013, and no new sentence was ever imposed following that violation for this case, and therefore there was no probation sentence to actually violate?" Appellant's Brief, at 3.[3]

Our scope and standard of review for a challenge to the legality of a sentence are well settled.

> Following probation violation proceedings, this Court's scope of review is limited to verifying the validity of the proceeding and the legality of the sentence imposed. The defendant or the Commonwealth may appeal as of right the legality of the sentence. As long as the reviewing court has jurisdiction, a challenge to the legality of the sentence is non-waivable and the court can even raise and address it *sua sponte*. Issues relating to the legality of a sentence are questions of law. . . . As with all questions of law on appeal, our standard of review is *de novo* and our scope of review is plenary.

***Commonwealth v. Infante***, 63 A.3d 358, 363 (Pa. Super. 2013) (citations and quotation marks omitted).

Revocation of probation proceedings are governed by Section 9771, which provides, in part:

---

[3] Neither of Appellant's appeals concern his sentence arising from docket number CP-51-CR-0012068-2010. **See** Appellant's Brief (741 EDA 2018), at 9; **see also** Appellant's Brief (1232 EDA 2018), at 9.

> The court may revoke an order of probation *upon proof of the violation of specified conditions of the probation*. Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation.

42 Pa.C.S.A. § 9771(b) (emphasis added). Our Supreme Court has recently reiterated that "a court may find a defendant in violation of probation only if the defendant has violated one of the 'specific conditions' of probation included in the probation order or has committed a new crime[.]" **Commonwealth v. Foster**, ___ A.3d ___, No. 21 EAP 2018, (Aug. 20, 2019).

Here, the court did not immediately impose sentence on Appellant following revocation of his probation at the September 12, 2013 hearing. On July 25, 2015, the docket reveals that a "Status of Probation" was held, but there is no indication that Appellant received a new sentence of probation.

Under these circumstances, we can only conclude that Appellant was not serving a probationary sentence pursuant to docket number CP-51-CR-1205191-2005 when the court purported to find him in violation of probation during the November 6, 2015 hearing. Accordingly, the court did not have the authority to revoke the non-existent probation and impose a sentence for a violation. Therefore, we vacate the November 6, 2015 sentence imposed on Appellant for purportedly violating probation. We also vacate the court's March 29, 2018 modified sentence, which had been imposed for violating the probation attached to the (now vacated) November 6, 2015 sentence.

Appeal at docket 1232 EDA 2018 quashed. Judgments of sentence imposed on November 6, 2015 and March 29, 2018 vacated.

J-S30003-19
J-S30004-19

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/17/19