J-S15036-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CHARLES C. THOMPSON | : | |
| | : | |
| Appellant | : | No. 1342 WDA 2018 |

Appeal from the Judgment of Sentence August 15, 2018
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000279-2015

BEFORE: GANTMAN, P.J.E., SHOGAN, J., and COLINS*, J.

MEMORANDUM BY GANTMAN, P.J.E.: **FILED JANUARY 14, 2020**

Appellant, Charles C. Thompson, appeals from the new judgment of sentence entered in the Jefferson County Court of Common Pleas, based on his guilty plea to failure to comply with registration requirements under the Sexual Offender Registration and Notification Act ("SORNA"). We reverse the conviction, vacate the judgment of sentence, and remand for further proceedings.

The relevant facts and procedural history of this case are as follows. In 2001, Appellant pled guilty in Mesa County, Colorado to ten counts of sexual exploitation of a child, per C.R.S.A. § 18-6-403(3)(b.5). As a result, Appellant was required under Colorado law to register as a sex offender for a minimum of ten (10) years. After the ten years expired, Appellant became eligible to petition the Colorado court to remove him from the registry. In 2010, while

_____
* Retired Senior Judge assigned to the Superior Court.

the ten-year Colorado registration requirement was still in effect, Appellant moved to Pennsylvania. When the ten-year registration period expired, Appellant did not to petition the Colorado court for removal from the registry, so his registration requirements continued.

On August 18, 2015, the Commonwealth charged Appellant for failing to update his information as required under SORNA. The Commonwealth alleged that between February 2, 2015, and February 25, 2015, Appellant failed to notify the Pennsylvania State Police ("PSP") within three business days of his change of address from Hamilton, Pennsylvania to Punxsutawney, Pennsylvania, in violation of 18 Pa.C.S.A. § 4915.1(a)(1). On August 3, 2016, Appellant entered a guilty plea to failure to comply with registration requirements, and the court sentenced Appellant to five (5) to ten (10) years' imprisonment, plus ten (10) years' probation. Appellant did not seek direct review.

On July 31, 2017, Appellant timely filed a *pro se* PCRA petition, and the court subsequently appointed counsel. Counsel filed an amended petition on October 6, 2017, claiming, *inter alia*, SORNA was unconstitutionally applied to Appellant, and the offense of Appellant's failure to comply with registration requirements was improperly graded as a Felony 1. The PCRA court held a hearing on January 30, 2018. On February 8, 2018, the court granted relief in part and denied relief in part. Specifically, the court granted Appellant relief on the grading challenge and ordered resentencing. The court, however,

denied PCRA relief regarding the SORNA/**Muniz**[1] claim, explaining that SORNA did not function as an unconstitutional *ex post facto* law in Appellant's case because SORNA had not created or enhanced his reporting requirements. Rather, the court stated Appellant's continuing obligation to report stemmed from his Colorado convictions and his failure to petition the Colorado court for release from his duty to register.

On August 15, 2018, the court resentenced Appellant to twenty-eight (28) months to ten (10) years' imprisonment.  On the same day, Appellant timely filed a post-sentence motion based on an illegal sentence, which the court denied.  On September 13, 2018, Appellant filed a notice of appeal.  The court ordered Appellant on September 19, 2018, to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b); Appellant complied on September 24, 2018.

Appellant raises the following issue for our review:

> WAS [APPELLANT'S] CONVICTION OF THE CRIME OF FAILURE TO COMPLY WITH REGISTRATION REQUIREMENTS (18 PA.C.S.A. SEC. 4915.1(A)(1)) INVALID, AND THE AUGUST 15, 2018, SENTENCE FOR SAID CONVICTION OF, *INTER ALIA*, 28 MONTHS TO NO MORE THAN 10 YEARS' INCARCERATION THEREBY RENDERED ILLEGAL AS BEING IN VIOLATION OF BOTH THE CONSTITUTION OF THE COMMONWEALTH OF PENNSYLVANIA AND OF THE CONSTITUTION OF THE UNITED STATES WHERE THE ELEMENTS OF THE CRIME HE WAS CONVICTED OF CAN ONLY BE ESTABLISHED BY PROOF THAT [APPELLANT] WAS THEN SUBJECT TO THE PROVISIONS OF PENNSYLVANIA'S

---

[1] **Commonwealth v. Muniz**, 640 Pa. 699, 164 A.3d 1189 (2017), *cert. denied*, ___ U.S. ___, 138 S.Ct. 925, 200 L.Ed.2d 213 (2018).

SEX OFFENDER REGISTRATION AND NOTIFICATION ACT (SORNA) AND SAID CONVICTION RESULTED FROM RETROACTIVE APPLICATION OF SORNA'S REGISTRATION PROVISIONS IN VIOLATION OF THE *EX POST FACTO* CLAUSES OF BOTH CONSTITUTIONS?

(Appellant's Brief at 2).

Appellant argues his conviction for failure to comply with the registration requirements per 18 Pa.C.S.A. § 4915.1(a)(1) can be established only if Appellant was subject to the provisions of SORNA. Appellant, however, avers his Colorado convictions predate the effective date of SORNA so SORNA does not apply to him. Appellant contends the court retroactively applied SORNA, in violation of the *ex post facto* clauses of both the United States and Pennsylvania Constitutions. Appellant claims this *ex post facto* application of SORNA invalidates his conviction and renders his sentence illegal pursuant to ***Muniz***. Appellant concludes this Court should vacate his conviction and sentence for failure to comply with SORNA. We agree.

A challenge to the legality of a sentence is a question of law. ***Commonwealth v. Barnes***, 167 A.3d 110, 116 (Pa.Super. 2017) (*en banc*). Thus, our standard of review is *de novo* and our scope of review is plenary. ***Id.*** This Court has observed:

> A claim that implicates the fundamental legal authority of the court to impose a particular sentence constitutes a challenge to the legality of the sentence. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated.

***Commonwealth v. Infante***, 63 A.3d 358, 363 (Pa.Super. 2013) (internal

- 4 -

citations and quotation marks omitted).

In July 2017, our Supreme Court declared SORNA unconstitutional, where it violates the *ex post facto* clauses of both the United States and Pennsylvania Constitutions. ***Muniz, supra***. The ***Muniz*** court determined SORNA's purpose was punitive, despite the General Assembly's stated civil remedial purpose. ***Id.*** at 748-49, 164 A.2d at 1218. Therefore, a retroactive application of SORNA to pre-SORNA sex offenders violates the *ex post facto* clause of the United States Constitution. ***Id.*** SORNA also violates the *ex post facto* clause of the Pennsylvania Constitution because it places a unique burden on the right to reputation and undermines the finality of sentences by enacting increasingly severe registration law. ***Id.*** at 756-57, 164 A.2d at 1223. A plea to failure to register under SORNA is unconstitutional and must be vacated, where the defendant committed his underlying sex offense prior to the effective date of SORNA. ***Commonwealth v. Wood***, 208 A.3d 131, 140 (Pa.Super. 2019) (*en banc*) (holding effective date of SORNA controls for purposes of *ex post facto* analysis); ***Commonwealth v. Lippincott***, 208 A.3d 143 (Pa.Super. 2019) (*en banc*) (stating same).

Instantly, Appellant was convicted of his underlying sex offenses in Colorado in 2001, eleven years before the effective date of SORNA. Appellant moved to Pennsylvania in 2010, and began registering under Pennsylvania law. In 2015, police discovered Appellant had changed his Pennsylvania address without notifying the PSP. The Commonwealth charged him for failing

- 5 -

to update his information as required under SORNA. Appellant entered a guilty plea to failure to comply with the SORNA registration requirements. Following a challenge to the initial judgment of sentence, the court granted partial relief on Appellant's grading claim but denied his SORNA/***Muniz*** claim. Regarding its denial of the SORNA/***Muniz*** claim, the court explained that SORNA did not function as an unconstitutional *ex post facto* law in Appellant's case because SORNA had not created or enhanced his reporting requirements. Rather, the court emphasized that Appellant's reporting obligation stemmed from his failure to petition the Colorado court to discontinue his duty to register. The court's reasoning, however, is flawed.

Here, Appellant committed his offenses in Colorado before the effective date of SORNA, when Megan's Law II was operative in Pennsylvania. When the Commonwealth charged Appellant in 2015 with failure to comply with registration requirements, SORNA was operative. Because Appellant's underlying sex offenses occurred prior to the effective date of SORNA, SORNA does not apply to his case. ***See Muniz, supra***. Appellant's reporting obligation stemmed from another state but that is not controlling. The unconstitutional *ex post facto* application of SORNA to Appellant invalidates his guilty plea to "violating SORNA" and renders his sentence illegal. ***See id.***; ***Wood, supra***; ***Lippincott, supra***. Accordingly, we reverse the conviction and vacate the judgment of sentence for failing to comply with SORNA. ***See Infante, supra***.

Nevertheless, Appellant failed to petition the Colorado court to discontinue his registration duties. While Appellant did not have to register as specified in SORNA, he was still required to register in Pennsylvania. Therefore, we remand this case to the trial court to determine Appellant's appropriate registration requirements.

Judgment of sentence vacated; case remanded with instructions. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/14/2020