J-S21034-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| REGINALD HARDEN | : | |
| | : | |
| Appellant | : | No. 2147 EDA 2020 |

Appeal from the Judgment of Sentence Entered July 3, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0009070-2008

BEFORE:   BOWES, J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED AUGUST 13, 2021**

Reginald Harden appeals *nunc pro tunc* from the judgment of sentence imposed following probation revocation. On appeal, Harden challenges the legality of his sentence, specifically contending that the sentencing court imposed a new revocation sentence on a conviction for which he had already served a full imprisonment term.[1] While the sentencing court and the Commonwealth agree that Harden has been illegally sentenced, Harden disagrees with the legal effect of that determination and accordingly seeks his immediate release. After thorough review, we disagree with Harden's suggestion that he is immune from either further sentencing or future proceedings. As such, we vacate his sentence and remand for resentencing.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The at-issue prior conviction and corresponding sentence contained no subsequent probation tail.

In summary, following a non-jury trial, Harden was found guilty of having violated three provisions of the Uniform Firearms Act. **See** 18 Pa.C.S.A. §§ 6101-6128.[2] For these offenses, Harden was sentenced to: (1) three and one-half to seven years of incarceration for his Section 6105 violation; (2) a subsequent five-year probation term for his Section 6106 violation; and (3) no further penalty on the Section 6108 conviction. After sentencing and without having filed a direct appeal, Harden completed his entire imprisonment term.

While on probation, the court found that Harden "had absconded from state supervised probation for four (4) years," Trial Court Opinion, 1/15/21, at 1 n.2, which was an inherent violation of his probation's conditions. Resultantly, the court revoked his probation and imposed a sentence of one and one-half to three years of incarceration. However, the court erroneously imposed a sentence at his fully served Section 6105 offense rather than his Section 6106 violation, the conviction that carried the probation term. Harden did not appeal from this revocation sentence.

Eventually, Harden filed a timely petition pursuant to the Post Conviction Relief Act ("PCRA"), **see** 42 Pa.C.S.A. §§ 9541-9546, seeking restoration of his direct appeal rights *nunc pro tunc* from his new sentence. Ultimately, PCRA relief was granted, and Harden filed this timely appeal. To that end, the

---

[2] Harden was found guilty of possessing a firearm by a prohibited person, **see** 18 Pa.C.S.A. § 6105, carrying a firearm without a license, **see** 18 Pa.C.S.A. § 6106, and carrying a firearm on a public street or public property in Philadelphia, **see** 18 Pa.C.S.A. § 6108.

relevant parties have complied with their respective dictates under Pa.R.A.P. 1925, and this case is ripe for disposition.

On appeal, Harden asserts that the sentencing court imposed an illegal sentence by assigning a subsequent sentence to an offense with an already fully completed term.[3] In response, even though the sentencing court and the Commonwealth facially agree with Harden's proposition, their sought-after resolution to his illegal sentence varies vastly from the relief Harden specifically seeks. While the sentencing court and Commonwealth desire a remand and resentencing, Harden believes the sentencing court's error should result in his release without *any* further proceedings.

As best can be gleaned from his brief, which is devoid of any case authority, Harden avers that since the court did not have jurisdiction to impose a further sentence for his Section 6105 conviction, his sentence should be vacated. Correspondingly, "Harden should be released. There should not be a new sentence on the other two convictions." Appellant's Brief, at 7-8.

A challenge to the legality of a sentence involves resolving the question of whether a court has the fundamental legal authority to impose such a sentence. **See Commonwealth v. Infante**, 63 A.3d 358, 363 (Pa. Super. 2013). "If no statutory authorization exists for a particular sentence, that sentence is illegal and *subject to correction*. An illegal sentence *must* be vacated." **Id**. (citation omitted) (emphasis added). Simply put, if a court goes

---

[3] Harden does not challenge any aspect of the probation revocation hearings or the court's adjudication of him having violated his probation.

beyond its authorization and imposes an illegal sentence, it "should be remanded for correction." ***Id***. (citation omitted).

What Harden asks this Court to do is give him a "free pass" on his undisputed probation violation and release him from any further proceedings due to, what appears to be, either a misunderstanding or a clerical error from the sentencing court. However, Harden does not contest that when his probation was revoked, he could have been lawfully resentenced under his Section 6106 conviction. After all, it was the Section 6106 conviction that received the probationary sentence, and it was the only outstanding component of the initial sentencing scheme.

Accordingly, while all parties agree that the sentencing court entered an illegal sentence, that court maintains its "inherent power to rectify the error." ***Commonwealth v. Pastorkovic***, 567 A.2d 1089, 1092 (Pa. Super. 1989). Harden offers nothing to contradict the sentencing court's power to resentence him for the offense of carrying a firearm without a license. Therefore, this case is to be remanded for the sentencing court to impose a new sentence under Section 6106.[4]

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

---

[4] Given that Harden's incarceration term on his Section 6105 offense had concluded and that he received no further penalty on his Section 6108 conviction, the sentencing court, upon remand, may only resentence him for the Section 6106 offense. ***See Commonwealth v. Williams***, 997 A.2d 1205, 1210 (Pa. Super. 2010).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/13/2021