J-S10010-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LOUIS ROY ZERUTH | : | |
| | : | |
| Appellant | : | No. 2172 EDA 2022 |

Appeal from the Judgment of Sentence Entered July 11, 2022
In the Court of Common Pleas of Monroe County
Criminal Division at No(s):  CP-45-CR-0000611-2021


BEFORE:  PANELLA, P.J., LAZARUS, J., and STABILE, J.

MEMORANDUM BY PANELLA, P.J.:                    **FILED APRIL 26, 2023**


Louis Roy Zeruth appeals the judgement of sentence entered by the Monroe County Court of Common Pleas on July 11, 2022. Specifically, Zeruth claims the sentencing court abused its discretion by relying on the uncertain assumption that Zeruth would be accepted into the state drug treatment program and failing to weigh the legislative intent of DUI sentencing guidelines.

For purposes of this appeal, the following factual and procedural history is undisputed.  The Commonwealth charged Zeruth with driving a lawnmower on a public road while under the influence of narcotics.[1] Zeruth entered into a

---

[1] Testing revealed the presence of methamphetamine, amphetamine, and marijuana in Zeruth's blood.

negotiated guilty plea agreement. Pursuant to the agreement, Zeruth pleaded guilty to driving under the influence ("DUI") - general impairment in exchange for the Commonwealth dismissing all associated charges. While this was Zeruth's fourth conviction for DUI, for sentencing purposes it was treated as a second offense.

In preparation for sentencing, the court ordered that a Pre-Sentence Investigation ("PSI") report be prepared and Zeruth undergo a drug and alcohol evaluation. However, Zeruth failed to appear for the PSI interview and did not complete the evaluations. *See Id.* at 2. After Zeruth failed to appear for the sentencing hearing, the court issued a bench warrant and Zeruth was arrested.

The PSI report and drug and alcohol evaluations were performed while Zeruth was in custody, and he appeared for sentencing on July 11, 2022. The court sentenced Zeruth to 15-60 months of incarceration. *See* Order-Sentencing, 7/11/22, at 1. Additionally, Zeruth was ordered to pay $1,950 in fines plus court costs, undergo DUI multiple offender program, complete drug and alcohol treatment, and undergo an 18-month driver's license suspension.

Zeruth filed for reconsideration of the controlled-substances sentence which was denied after a hearing on July 26, 2022. **See** Order-Reconsideration of Sentence, 7/26/22. He now appeals.[2]

On appeal, Zeruth raises two separate challenges to the sentence imposed. First, he argues the trial court abused its discretion in sentencing because the sentencing court assumed that Zeruth would be accepted into the state drug treatment program when such enrollment was not assured. Second, Zeruth claims the trial court abused its discretion by failing to weigh the legislature's intent by providing for a mandatory minimum sentence of thirty (30) days in DUI sentencing guidelines. Zeruth concedes that both of his issues raise challenges to the discretionary aspects of his sentence. **See** Appellant's Brief at 9, 16.

We therefore review the sentence imposed for an abuse of discretion. **See Commonwealth v. Walls,** 926 A.2d 957, 961 (Pa. 2007). "Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." **Commonwealth v. Shugars**, 895 A.2d 1270, 1275 (Pa. Super. 2006)(citations omitted). The right to appeal from the discretionary aspects

---

[2] The court sentenced Zeruth on a charge that he possessed narcotics when he was a passenger in a friend's truck at trial court docket number 1248 CR 2021. Zeruth did not file an appeal from the sentence imposed at 1248 CR 2021. **See** Trial Court Opinion, 11/7/22, at 4.

of a sentence is not absolute. ***See Id***. at 1274. To challenge the discretionary aspects of a sentence, an appellant must invoke a four-part test:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (citation and brackets omitted). While a failure to include the Pa.R.A.P. 2119(f) statement does not automatically waive an appellant's argument, "we are precluded from reaching the merits of the claim when the Commonwealth lodges an objection to the omission of the statement." ***See Commonwealth v. Roser***, 914 A.2d 447, 457 (Pa. Super. 2006) (citation omitted).

Applying the four-part test, it is apparent that Zeruth failed to meet the third requirement because his brief has a fatal defect. Specifically, Zeruth failed to include in his appellate brief the separate concise statement required by rule Pa.R.A.P 2119(f):

> **(f) Discretionary aspects of sentence.** An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of the sentence.

The Commonwealth objected to the fatal defect in Zeruth's brief: "At no point does [Zeruth] set forth a Rule 2119(f) concise statement of a colorable claim

alleging that his sentence is inconsistent with a provision of the Sentencing Code or a fundamental norm underlying the sentencing process." Commonwealth's Brief, 2/6/2023, at 7. Recognizing the Commonwealth's objection, we are precluded from addressing the merits of Zeruth's claim on appeal and therefore, his issue is waived.

However, in reviewing Zeruth's claim, we noted the sentence imposed by the trial court included an 18-month driver's license suspension. **See** Order-Sentencing, at 1. In imposing the suspension, the court acted outside its authority and, therefore, that aspect of the sentence is illegal. Although Zeruth did not raise this issue in his appeal, we may raise the issue of sentencing legality *sua sponte*. **See Commonwealth v. Infante**, 63 A.3d 358, 363 (Pa. Super. 2013). "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated." **Commonwealth v. Moroz**, 284 A.3d 227, 230 (Pa. Super. 2022) (citations omitted).

While the judiciary's role is "limited to determining guilt" of DUI, the Pennsylvania's Motor Vehicle Code grants the executive branch, through the Department of Transportation, the authority to issue, regulate and suspend motor vehicle licenses. **Commonwealth v. Mockaitis**, 834 A.2d 488, 500-501 (Pa. 2003) (citations omitted). "Under our statutory scheme, actual imposition of a license suspension has been vested in an administrative agency over which the criminal judge has no control and for which he has no

responsibility." *Id*. (citations and quotation marks omitted). Further, section 3804 of our Motor Vehicle Code, which became effective November 8, 2022, grants the Department of Transportation the exclusive authority to impose suspensions:

> The department shall suspend the operating privilege of an individual . . . upon receiving a certified record of the individual's conviction of or an adjudication of delinquency for:
>
> (i)     an offense under section 3802 [relating to DUI offenses.]

75 Pa.C.S. § 3804(e)(1)(i).

Pennsylvania law grants the Department of Transportation, not the courts, the authority to impose license suspensions. Therefore, the trial court in this case lacked the authority to suspend Zeruth's license and, in that respect, the sentence is illegal. As a result, we vacate the license suspension aspects of the July 11, 2022 sentence.[3] We affirm all other aspects of his judgment of sentence.

Judgment of sentence affirmed in part, vacated in part.

---

[3] To be clear, our holding does not preclude the Department of Transportation from suspending Zeruth's license in accordance with its legal duties.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/26/2023