J-S70034-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| NOEL ROSADO | : | |
| | : | |
| Appellant | : | No. 567 EDA 2018 |

Appeal from the PCRA Order February 8, 2018
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0002899-2001

BEFORE: GANTMAN, P.J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED JULY 02, 2019**

Appellant, Noel Rosado, appeals from the order denying his eighth petition per the Post Conviction Relief Act ("PCRA") at 42 Pa.C.S.A. §§ 9541-9546. On May 7, 2002, Appellant pled guilty to one count of rape. The court sentenced him to 6 to 18 years' incarceration on September 9, 2002. Appellant did not file a direct appeal. Between 2003 and 2016, Appellant filed seven unsuccessful PCRA petitions. On September 18, 2017, Appellant *pro se* filed a pleading he entitled a "Petition to Enforce Guilty Plea." The PCRA court appointed counsel, who filed an amended petition on December 28, 2017, seeking relief from an illegal sentence under *Commonwealth v. Muniz*, 640 Pa. 699, 164 A.3d 1189 (2017), *cert denied*, ___ U.S. ___, 138 S.Ct. 925, 200 L.Ed.2d 213 (2018). The PCRA court issued Rule 907 notice on January 11, 2018. Appellant filed a *pro se* "response" on January 29, 2018. Counsel

filed a premature notice of appeal on February 2, 2018. On February 8, 2018, the court denied relief, stating it did not consider Appellant's *pro se* filings because he had counsel of record. The court's order further noted counsel's premature notice of appeal and directed counsel to correct the record. Appellant timely filed a counseled amended notice of appeal on February 9, 2018, and a timely court-ordered Rule 1925(b) statement.

Any petition for collateral relief will generally be considered a PCRA petition if it raises issues cognizable under the PCRA. **Commonwealth v. Jackson**, 30 A.3d 516 (Pa.Super. 2011), *appeal denied*, 616 Pa. 634, 47 A.3d 845 (2012); 42 Pa.C.S.A. § 9542. The timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Zeigler**, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the time-bar allow very limited circumstances to excuse the late filing of a petition; a petitioner asserting an exception must also file the petition within 60 days of the date the claim could first have been presented.[1] **See** 42 Pa.C.S.A. § 9545(b)(1)-(b)(2). To assert the exception

---

[1] As of December 24, 2018, Section 9545(b)(2) now provides any PCRA petition invoking a timeliness exception must be filed within **one year** of the

- 2 -

under Section 9545(b)(1)(iii), "a petitioner must prove that there is a new constitutional right and that the right has been held by that court to apply retroactively." *Commonwealth v. Chambers*, 35 A.3d 34, 41 (Pa.Super. 2011), *appeal denied*, 616 Pa. 625, 46 A.3d 715 (2012).

Instantly, Appellant challenged the legality of his sentence under *Muniz*, which is cognizable under the PCRA; and the court properly treated the filing as a PCRA petition. *See* 42 Pa.C.S.A. § 9543(a)(2)(i); *Jackson, supra*. The judgment of sentence became final on October 9, 2002, upon expiration of the time to file a direct appeal. *See* Pa.R.A.P. 903(a). Appellant filed the current PCRA petition on September 18, 2017, which is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant attempts to invoke the "new constitutional right" exception, citing *Muniz, supra*. *Muniz*, however, does not serve as an exception to the PCRA time-bar.[2] *See Commonwealth v.*

---

date the claim could first have been presented. *See* Act 2018, Oct. 24, P.L. 894, No. 146, § 2, effective Dec. 24, 2018.

[2] An illegal-sentence claim must first satisfy the statutory time limits of the PCRA or one of its exceptions. *See Commonwealth v. Fahy*, 558 Pa. 313, 737 A.2d 214 (1999). Otherwise, the claim is incapable of review. *See Commonwealth v. Infante*, 63 A.3d 358, 365 (Pa.Super. 2013) (reiterating, "a collateral claim regarding the legality of a sentence can be lost for failure to raise it in a timely manner under the PCRA"). *Muniz* created only a **substantive** claim, which retroactively applies in the collateral context if the jurisdictional time limits have already been met. *Commonwealth v. Rivera-Figueroa*, 174 A.3d 674, 678 (Pa.Super. 2017). Here, *Muniz* does not serve as an exception to the statutory time bar or excuse the patent untimeliness of Appellant's current petition.

***Murphy***, 180 A.3d 402 (Pa.Super. 2018), *appeal denied*, ___ Pa. ___, 195 A.3d 559 (2018) (stating petitioner cannot rely on ***Muniz*** to meet timeliness exception under Section 9545(b) unless and until Supreme Court allows). Therefore, Appellant's petition remains time-barred; and the PCRA court lacked jurisdiction to review it on the merits.[3]   ***See Zeigler, supra***. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/2/19

---

[3] The certified record belies the basis of Appellant's underlying claim, where the record confirms he completed and signed a sex offender registration colloquy as part of his guilty plea proceedings.

- 4 -