J-S07006-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SALVADOR ROBERTS | : | |
| | : | |
| Appellant | : | No. 1284 EDA 2022 |

Appeal from the Judgment of Sentence Entered December 20, 2021
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0000036-2018

BEFORE:  DUBOW, J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY DUBOW, J.:                    **FILED APRIL 26, 2023**

Appellant, Salvador Roberts, appeals from the Judgment of Sentence entered on December 20, 2021, after he pleaded guilty to Third-Degree Murder and Robbery.[1] Appellant challenges the discretionary aspects of his sentence. Finding Appellant's issues waived, we affirm.

We derive the following factual and procedural history from the trial court opinion and certified record. On December 11, 2017, police arrested Appellant for his role as the getaway driver in the robbery and murder of a pizza delivery person. The Commonwealth charged him with, *inter alia*, Criminal Homicide and Robbery. On August 27, 2019, while Appellant was incarcerated pending disposition of these charges, the trial court sentenced him to 1 to 5 years' incarceration for a prior, unrelated burglary conviction.

_____

[1] 18 Pa.C.S. §§ 2502(c), 3701(a)(1)(i).

On October 7, 2021, Appellant entered an open guilty plea in the instant case to Third Degree Murder and Robbery. On December 20, 2021, the court held a sentencing hearing where it imposed an aggregate 25-to-60-year incarceration sentence, comprised of consecutive sentences of 20 to 40 years for Third-Degree Murder and 5 to 20 years for Robbery. The court granted Appellant a 625-day credit against his December 20, 2021 sentence, for the period from December 11, 2017, when police arrested him on the instant charges, to August 27, 2019, when the court sentenced him for the unrelated burglary. The court ordered Appellant to serve the December 20, 2021 sentence concurrently with the August 27, 2019 sentence.

On December 29, 2021, Appellant filed a post-sentence Motion for Reconsideration of Sentence, in which he "request[ed that his time] credit be reviewed to ensure he receives the full credit to which he was entitled." Motion for Reconsideration of Sentence, 12/29/21, at ¶ 5. He also "request[ed that the court] consider amending his sentence" because he "believes, and therefore avers, that a combined sentence of [20] rather than [25] years is appropriate for his involvement in this case." *Id.* ¶ 7-8.

On April 11, 2022, the trial court denied the motion. Appellant timely filed a Notice of Appeal and he and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

> [1.] Whether the sentencing court erred and abused its discretion by giving [Appellant] an excessive total sentence of [25 to 60] years.

[2.] Whether the sentencing court erred and abused its discretion by only giving [Appellant] a time credit for a total of [625] days rather than a credit from the date of his arrest on the underlying charges[, an additional 845 days].

Appellant's Br. at 5 (reordered for ease of analysis)

**A.**

In his first issue, Appellant challenges the trial court's exercise of sentencing discretion. Although he acknowledges that the sentencing court "did not exceed standard range sentences for either offense," Appellant construes his *aggregate* sentence as an "aggravated" one because it "exceed[s] the mandatory maximum for a charge [of Third-Degree Murder] standing alone." ***Id.*** at 11-12. He argues that the sentencing court abused its discretion because it did not give an adequate explanation on the record to justify its imposition of an allegedly aggravated-range sentence. ***Id.***[2]

Challenges to the discretionary aspects of a sentence do not entitle an appellant to review as of right. Rather, a challenge in this regard is properly viewed as a petition for allowance of appeal. 42 Pa.C.S. § 9781(b); ***Commonwealth v. Tuladziecki***, 522 A.2d 17, 18-19 (Pa. 1987). To invoke our review, the defendant must have (1) filed a timely notice of appeal; (2) preserved the issue at sentencing or in a post-sentence motion; (3) included in his or her brief a Rule 2119(f) statement; and (4) raise in the Rule 2119(f)

_____

[2] Unfortunately, Appellant does not cite even once to the notes of testimony in his brief, in violation of the Rules of Appellate Procedure. Pa.R.A.P. 2119(a), (c). Our review of the record reveals that the sentencing court, aided by a presentence investigation report, provided an extensive on-the-record explanation for the sentence imposed. N.T. Sentencing, 12/20/21, at 54-65.

statement a substantial question that the sentence is inappropriate under the Sentencing Code or sentencing norms. *Commonwealth v. Carrillo-Diaz*, 64 A.3d 722, 725 (Pa. Super. 2013). Where an appellant has failed to raise the discretionary sentencing claim at the sentencing hearing or in a post-sentence motion, we will find the issue waived. *Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013). *See also Commonwealth v. Mann*, 820 A.2d 788, 794 (Pa. Super. 2003) (finding waiver where "Appellant failed to raise the specific claim" in the trial court).

In the present case, Appellant failed to preserve his discretionary sentencing claim in the trial court. He did not argue in his post-sentence motion that his sentence is excessive or that the court failed to place adequate reasons for the sentence on the record. He likewise failed to raise any such claim at sentencing. Consequently, this issue is waived.

**B.**

In his second issue, Appellant purports to argue that the court erred by failing to award him an additional 845 days of time credit. *Id.* at 11. Appellant does not, however, argue that he was entitled to any additional time credit. Instead, he asserts that the court abused its sentencing discretion by failing to order that his December 20, 2021 sentence begin retroactively as of August 27, 2019. *Id.* at 11-12. He alleges that the court had the power to do so

pursuant to Pa.R.Crim.P. 705(b).[3] *Id.* He concludes that "the imposition of a concurrent sentence that does not run from [August 27, 2019] is hardly concurrent at all." *Id.* at 12.

Unfortunately, Appellant did not raise this issue at sentencing or in a post-sentence motion. He likewise failed to include it in his Rule 1925(b) Statement or Statement of Questions Involved. As a result, the issue is waived. Pa.R.A.P. 302(a), 1925(b)(4)(vii), 2116(a).[4]

## C.

In summation, we conclude that Appellant failed to preserve his discretionary sentencing claims for this Court's review. Consequently, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

---

[3] Rule 705(b) states that if a court orders a sentence to run concurrently with another sentence, "the sentence shall commence from the date of imposition unless otherwise ordered by the judge." Pa.R.Crim.P. 705(b). Appellant cites no legal authority to support his argument that Rule 705 would have permitted the court to order the retroactive commencement of his sentence.

[4] Moreover, even if he had properly preserved this issue, we would conclude that it is meritless. Appellant seeks to receive an additional 845 days of time credit for the period from April 27, 2019, to December 20, 2021, while he was serving an incarceration sentence for the unrelated burglary conviction. It is axiomatic, however, that a defendant is not entitled to credit against a sentence for time served on another sentence. *See Commonwealth v. Infante*, 63 A.3d 358, 367 (Pa. Super. 2013) ("A defendant shall be given credit for any days spent in custody prior to the imposition of sentence, but only if such commitment is on the offense for which sentence is imposed." (citation omitted)). *See also* 42 Pa.C.S. § 9760.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/26/2023